UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jane Doe 202a, | ) | C.A. No. 2:16-cv-00530-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS SHERIFF AL** |
| | ) | **CANNON, KATHRYN FARMER,** |
| Al Cannon, Sheriff of Charleston County, | ) | **THOMASINA DYER, ANDREW T.** |
| individually and in his official capacity, | ) | **GRANT, LINDSAY FICKETT,** |
| Deputy Kathryn Farmer, 10486, individually, | ) | **BRANDON CALVERT, ELIJAH** |
| Deputy Thomasina Dyer, 9795, individually, | ) | **SANDERS, PATRICE WASHINGTON,** |
| Deputy Andrew T. Grant, 8940, individually, | ) | **TRACEY MATHEWES, STEVEN** |
| Deputy Lindsay Fickett, 10448, individually, | ) | **DURBIN, BERNARD KEYES,** |
| Deputy Brandon Calvert, 9941, individually, | ) | **MICHAEL TICE, WILLIS L. BEATTY,** |
| DFC E. Sanders, 10285, individually, Deputy | ) | **CHRISTOPHER McLAUCHLAN, and** |
| Patrice Washington, 10099, individually, | ) | **MICHAEL A WALTERS'** |
| Deputy Tracey Matthewes, 9530, | ) | **ANSWER TO PLAINTIFF'S** |
| individually, Deputy Lieutenant Steven | ) | **COMPLAINT** |
| Durbin, 8920, individually, Deputy B. Key, | ) | (JURY TRIAL DEMANDED) |
| individually, Deputy Captain M. Tice, | ) | |
| individually, Chief Deputy Willis L. Beatty, | ) | |
| individually, Christopher McLauchlan, | ) | |
| 10599, individually, Michael A Walters, | ) | |
| 10176, individually, Sandra J. Senn, Senn | ) | |
| Legal, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

The Defendants, sued as Al Cannon, Sheriff of Charleston County, Deputy Kathryn

Farmer, Deputy Thomasina Dyer, Deputy Andrew T. Grant, Deputy Lindsay Fickett, Deputy

Brandon Calvert, DFC E. Sanders,[1] Deputy Patrice Washington, Deputy Tracey Mathewes,

Deputy Lieutenant Steven Durbin, Deputy B. Key,[2] Deputy Captain M. Tice,[3] Chief Deputy

Willis L. Beatty, Christopher McLauchlan, and Michael A Walters (collectively "these

---

[1] Elijah Sanders
[2] Bernard Keyes
[3] Michael Tice

Defendants"), by and through their undersigned counsel, hereby answer the Plaintiff's Complaint as follows:

## **FOR A FIRST DEFENSE**

1.      Except as specifically admitted, these Defendants expressly deny each and every allegation in the Complaint.

2.      Responding to Paragraph 1 of Plaintiff's Complaint, upon information and belief, these Defendants admit that the Plaintiff is an adult citizen and resident of South Carolina. These Defendants, however, lack sufficient information or knowledge at this time regarding the Plaintiff's use of her pseudonym and, therefore, deny the same. To the extent Paragraph 1 of Plaintiff's Complaint refers to a filed Order, these Defendants crave reference to the same.

3.      Paragraph 2 of Plaintiff's Complaint does not contain any allegations against these Defendants such that no response is required. To the extent that a response to the allegations contained in Paragraph 2 of Plaintiff's Complaint is required or to the extent the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

4.      Responding to Paragraph 3 of Plaintiff's Complaint, these Defendants admit the allegations that Al Cannon is the present Sheriff of Charleston County and a resident and citizen of South Carolina and that he is a state official contained in Paragraph 3 of Plaintiff's Complaint. Responding to the remaining allegations in Paragraph 3 of Plaintiff's Complaint, these Defendants crave reference to the applicable law.

5.      Responding to Paragraph 4 of Plaintiff's Complaint, these Defendants admit the Sheriff's deputies are regarded as state officials.

6.      These Defendants admit the allegations the allegations contained in Paragraph 5 of Plaintiff's Complaint.

7.      These Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

8.      Responding to Paragraph 7 of Plaintiff's Complaint, these Defendants admit only that Defendant Cannon's responsibilities are commensurate with those set forth by South Carolina and federal law.  These Defendants deny the last sentence in Paragraph 7 of Plaintiff's Complaint.

9.      Paragraph 8 of Plaintiff's Complaint calls for a legal conclusion such that no response is required.  To the extent that a response to the allegations contained in Paragraph 8 of Plaintiff's Complaint is required or to the extent the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

10.      Responding to Paragraph 9 of the Plaintiff's Complaint, these Defendants admit only that Kathryn Farmer, Thomasina Dyer, Andrew T. Grant, Lindsay Fickett, Brandon Calvert, Elijah Sanders, Patrice Washington, Tracey Mathewes, Steven Durbin, Bernard Keyes, Michael Tice, and Willis L. Beatty were employed as deputies and working at the detention center in March 2014.  These Defendants further admit that they are citizens and residents of South Carolina.  Any remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied as stated.

11.      Responding to Paragraph 10 of Plaintiff's Complaint, these Defendants are not aware of tortuous conduct by any named defendant and, therefore, deny the allegations contained in  Paragraph 10 of Plaintiff's Complaint.

12.     Paragraph 11 of Plaintiff's Complaint does not contain any allegations against these Defendants such that no response is required. To the extent a response to the allegations contained in Paragraph 11 of Plaintiff's Complaint is required or to the extent that the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

13.     Paragraph 12 of Plaintiff's Complaint does not contain any allegations against these Defendants such that no response is required. To the extent a response to the allegations contained in Paragraph 12 of Plaintiff's Complaint is required or to the extent that the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

14.     Paragraph 13 of Plaintiff's Complaint does not contain any allegations against these Defendants such that no response is required. To the extent a response to the allegations contained in Paragraph 13 of Plaintiff's Complaint is required or to the extent that the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

15.     Paragraph 14 of Plaintiff's Complaint does not contain any allegations against these Defendants such that no response is required. To the extent a response to the allegations contained in Paragraph 14 of Plaintiff's Complaint is required or to the extent that the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

16.     These Defendants admit the allegations the allegations contained in Paragraph 15 of Plaintiff's Complaint.

17.    Responding to Paragraph 16 of Plaintiff's Complaint, these Defendants do not at this time dispute the Court's subject matter jurisdiction over matters involving civil rights.

18.    Responding to Paragraph 17 of Plaintiff's Complaint, these Defendants do not dispute venue at this time.

19.    Paragraph 18 of Plaintiff's Complaint does not contain any allegations against these Defendants such that no response is required.  To the extent that a response to the allegations contained in Paragraph 18 of Plaintiff's Complaint is required or to the extent the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

20.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, deny the same.

21.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, deny the same.

22.    Responding to Paragraph 21 of Plaintiff's Complaint, these Defendants admit only that Jane Doe arrived at the jail via transport on March 27, 2014.  Any other allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

23.    These Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Complaint.

24.    These Defendants admit the allegations contained in Paragraph 23 of Plaintiff's Complaint.

25.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint and, therefore, deny the same.

26.    These Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

27.    These Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

28.    These Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

29.    These Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

30.    Responding to Paragraph 29 of Plaintiff's Complaint, these Defendants admit only that the charge against Jane Doe was *nol prossed*, and crave reference to the subject expungement order.  All other allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

31.    These Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

32.    These Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

33.    Responding to Paragraph 32 of Plaintiff's Complaint, these Defendants admit only that video footage was retained pursuant to jail policy.  All other allegations contained in Paragraph 32 of Plaintiff's Complaint are denied as stated.

34.     These Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

35.     Responding to Paragraph 34 of Plaintiff's Complaint, these Defendants admit only that Jane Doe had constitutional rights consistent with the First, Sixth, and Fourteenth amendments to the United States Constitution and related laws. These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint and, therefore, deny the same.

36.     These Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

37.     These Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint as stated.

38.     These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint and, therefore, deny the same.

39.     These Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

40.     These Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint as stated.

41.     These Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

42.     These Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

43.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint and, therefore, deny the same.

44.    These Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

45.    These Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

46.    Responding to Paragraph 45 of Plaintiff's Complaint, these Defendants crave reference to jail policies in Plaintiff's possession in their entirety and deny any allegations inconsistent therewith.

47.    These Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

48.    These Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

49.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 48 of Plaintiff's Complaint and, therefore, deny the same.

50.    These Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

51.    These Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

52.    Responding to Paragraph 51 of Plaintiff's Complaint, these Defendants deny any violation of hat law of Plaintiff's due process rights.

53.    These Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

54.    These Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

55.    These Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

56.    These Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

57.    These Defendants admit only that Plaintiff was charged with assault on a police officer.  All other allegations contained in Paragraph 56 of Plaintiff's Complaint are denied.

58.    These Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

59.    These Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

60.    These Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

61.    These Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

62.    These Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

63.    Responding to Paragraph 62 of Plaintiff's Complaint, these Defendants crave reference to the jail policies in Plaintiff's possession in their entirety and deny any allegations inconsistent therewith.  To the extent the allegations contained in Paragraph 62 of Plaintiff's

Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

64.    These Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

65.    These Defendants admit only the SOG team was called to transfer Jane Doe to administrative segregation for refusal to obey an order.   All other allegations contained in Paragraph 64 of Plaintiff's Complaint are denied.

66.    These Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

67.    These Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

68.    These Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

69.    These Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

70.    These Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

71.    These Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

72.    These Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

73.    Paragraph 72 through 86 of Plaintiff's Complaint contain Plaintiff's interpretation of screen shots of video footage.   Responding to Paragraphs 72 through 86 of Plaintiff's

Complaint, these Defendants crave reference to the video footage itself. Answering further, these Defendants deny any assault or strangulation of Plaintiff. To the extent any further response is required, these Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraphs 72 through 86 of Plaintiff's Complaint and, therefore, deny the same.

74. These Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

75. These Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

76. These Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

77. These Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

78. These Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

79. These Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

80. These Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

81. These Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

82. These Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

83.     These Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

84.     These Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

85.     These Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

86.     These Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

87.     Responding to Paragraph 100 of Plaintiff's Complaint, these Defendants deny Defendant Fickett assaulted Plaintiff.  These Defendants admit Plaintiff shouted during her incarceration.  These Defendants lack sufficient information or knowledge at this time to either admit or deny the remaining allegations contained in Paragraph 100 of Plaintiff's Complaint and, therefore, deny the same.

88.     Responding to Paragraph 101 of Plaintiff's Complaint, these Defendants admit only that Plaintiff referenced Coyle Kinard during her incarceration.  These Defendants lack sufficient information or knowledge at this time to either admit or deny the remaining allegations contained in Paragraph 101 of Plaintiff's Complaint and, therefore, deny the same.

89.     These Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

90.     Responding to Paragraph 103 of Plaintiff's Complaint, these Defendants admit only that no communication was made to Coyle Kinard.  All other allegations contained in Paragraph 103 of Plaintiff's Complaint are denied.

91.     Responding to Paragraph 104 of Plaintiff's Complaint, these Defendants admit only that all video related to Plaintiff has been produced and is in Plaintiff's possession.  All other allegations contained in Paragraph 104 of Plaintiff's Complaint are denied.

92.     These Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

93.     To the extent Paragraph 106 of Plaintiff's Complaint refers to the law on the retention of records, these Defendants crave reference to the same and deny any allegations inconsistent therewith.  To the extent Paragraph 106 of Plaintiff's Complaint refers to these Defendants' capacity and capability to retain all video for three years plus 120 days, those allegations are denied.

94.     Responding to Paragraph 107 of Plaintiff's Complaint, these Defendants admit only that, at the time of the incident in question, Defendants Fickett and Walters had the capability to record video from their shoulder-mounted camera.  All other allegations contained in Paragraph 107 of Plaintiff's Complaint are denied as stated.

95.     These Defendants admit the allegations contained in Paragraph 108 of Plaintiff's Complaint.

96.     These Defendants deny the allegations contained in Paragraph 109 of Plaintiff's Complaint.

97.     These Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Complaint.

98.     These Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Complaint.

99.    These Defendants deny the allegations contained in Paragraph 112 of Plaintiff's Complaint.

100.    These Defendants deny the allegations contained in Paragraph 113 of Plaintiff's Complaint.

101.    These Defendants deny the allegations contained in Paragraph 114 of Plaintiff's Complaint.

102.    Responding to Paragraph 115 of Plaintiff's Complaint, these Defendants admit only a separate lawsuit is pending captioned *Jane Doe 202, et al. v. City of North Charleston, et al.,* C.A. No. 2014-CP-10-4591.  These Defendants lack sufficient information or knowledge at this time to either admit or deny the remaining allegations contained in Paragraph 101 of Plaintiff's Complaint and, therefore, deny the same.

103.    These Defendants deny the allegations contained in Paragraph 116 of Plaintiff's Complaint.

104.    Responding to Paragraph 117 of Plaintiff's Complaint, these Defendants crave reference to the United States Constitution and related law and deny any allegations inconsistent therewith.  To the extent the allegations contained in Paragraph 117 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

105.    Responding to Paragraph 118 of Plaintiff's Complaint, these Defendants crave reference to state minimum jail standards in their entirety and deny any allegations inconsistent therewith.  To the extent the allegations contained in Paragraph 118 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

106.     Responding to Paragraph 119 of Plaintiff's Complaint, these Defendants crave reference to jail policies in Plaintiff's possession in their entirety and deny any allegations inconsistent therewith.  To the extent the allegations contained in Paragraph 119 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

107.     Responding to Paragraph 120 of Plaintiff's Complaint, these Defendants crave reference to United State Constitution and related law and deny any allegations inconsistent therewith.  To the extent the allegations contained in Paragraph 120 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

108.     These Defendants deny the allegations contained in Paragraph 121 of Plaintiff's Complaint.

109.     These Defendants deny the allegations contained in Paragraph 122 of Plaintiff's Complaint.

110.     These Defendants deny the allegations contained in Paragraph 123 of Plaintiff's Complaint.

111.     These Defendants deny the allegations contained in Paragraph 124 of Plaintiff's Complaint.

112.     These Defendants deny the allegations contained in Paragraph 125 of Plaintiff's Complaint.

113.     These Defendants deny the allegations contained in Paragraph 126 of Plaintiff's Complaint.

114.    These Defendants deny the allegations contained in Paragraph 127 of Plaintiff's Complaint.

115.    These Defendants deny the allegations contained in Paragraph 128 of Plaintiff's Complaint.

116.    These Defendants deny the allegations contained in Paragraph 129 of Plaintiff's Complaint.

117.    Responding to Paragraph 130 of Plaintiff's Complaint, these Defendants admit only the shoulder camera of Walters started at 23:22:06.  All other allegations contained in Paragraph 130 of Plaintiff's Complaint are denied.

118.    These Defendants admit only the shoulder camera of Fickett started at 23:25:37. All other allegations contained in Paragraph 131 of Plaintiff's Complaint are denied.

119.    These Defendants deny the allegations contained in Paragraph 132 of Plaintiff's Complaint.  Answering further, Defendants McLauchlan and Calvert had no shoulder camera video to preserve.

120.    These Defendants deny the allegations contained in Paragraph 133 of Plaintiff's Complaint.

121.    These Defendants deny the allegations contained in Paragraph 134 of Plaintiff's Complaint as stated.

122.    Responding to Paragraph 135 of Plaintiff's Complaint, these Defendants crave reference to video footage in Plaintiff's possession and deny any allegations inconsistent therewith.  To the extent any further response is required and to the extent the allegations contained in Paragraph 135 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

123.    These Defendants deny the allegations contained in Paragraph 136 of Plaintiff's Complaint.

124.    These Defendants deny the allegations contained in Paragraph 137 of Plaintiff's Complaint.

125.    These Defendants deny the allegations contained in Paragraph 138 of Plaintiff's Complaint.

126.    These Defendants deny the allegations contained in Paragraph 139 of Plaintiff's Complaint.

127.    These Defendants deny the allegations contained in Paragraph 140 of Plaintiff's Complaint.

128.    These Defendants deny the allegations contained in Paragraph 141 of Plaintiff's Complaint.

129.    Responding to Paragraph 142 of Plaintiff's Complaint, these Defendants admit Defendant Fickett's testimony included the words quoted in Paragraph 142 of Plaintiff's Complaint. All other allegations contained in Paragraph 142 of Plaintiff's Complaint are denied.

130.    These Defendants deny the allegations contained in Paragraph 143 of Plaintiff's Complaint.

131.    These Defendants deny the allegations contained in Paragraph 144 of Plaintiff's Complaint.

132.    These Defendants deny the allegations contained in Paragraph 145 of Plaintiff's Complaint.

133.    These Defendants deny the allegations contained in Paragraph 146 of Plaintiff's Complaint.

134.    These Defendants deny the allegations contained in Paragraph 147 of Plaintiff's Complaint.

135.    These Defendants deny the allegations contained in Paragraph 148 of Plaintiff's Complaint as stated.

136.    These Defendants deny the allegations contained in Paragraph 149 of Plaintiff's Complaint.

137.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 150 of Plaintiff's Complaint and, therefore, deny the same.

138.    These Defendants deny the allegations contained in Paragraph 151 of Plaintiff's Complaint.

139.    These Defendants deny the allegations contained in Paragraph 152 of Plaintiff's Complaint.

140.    Responding to Paragraph 153 of Plaintiff's Complaint, these Defendants crave reference to Farmer's report and deny any allegations inconsistent therewith.  To the extent the allegations contained in Paragraph 153 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

141.    These Defendants deny the allegations contained in Paragraph 154 of Plaintiff's Complaint.

142.    These Defendants deny the allegations contained in Paragraph 155 of Plaintiff's Complaint.

143.    Responding to Paragraph 156 of Plaintiff's Complaint, these Defendants crave reference to state minimum jail standards in their entirety and deny any allegations inconsistent

therewith. To the extent the allegations contained in Paragraph 156 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

144. These Defendants deny as stated the allegations contained in Paragraph 157 of Plaintiff's Complaint.

145. These Defendants deny the allegations contained in Paragraph 158 of Plaintiff's Complaint.

146. Responding to Paragraph 159 of Plaintiff's Complaint, these Defendants crave reference to state minimum jail standards in their entirety and deny any allegations inconsistent therewith. To the extent the allegations contained in Paragraph 159 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

147. These Defendants deny the allegations contained in Paragraph 160 of Plaintiff's Complaint.

148. Responding to Paragraph 161 of Plaintiff's Complaint, these Defendants deny Plaintiff was deprived of any rights.

149. These Defendants deny the allegations contained in Paragraph 162 of Plaintiff's Complaint.

150. These Defendants deny the allegations contained in Paragraph 163 of Plaintiff's Complaint.

151. These Defendants deny as stated the allegations contained in Paragraph 164 of Plaintiff's Complaint.

152.    These Defendants deny the allegations contained in Paragraph 165 of Plaintiff's Complaint.

153.    These Defendants deny as stated the allegations contained in Paragraph 166 of Plaintiff's Complaint.

154.    Responding to Paragraph 167 of Plaintiff's Complaint, these Defendants crave reference to the Use of Force report and deny any allegations inconsistent therewith.  To the extent the allegations contained in Paragraph 167 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

155.    Responding to Paragraph 168 of Plaintiff's Complaint, these Defendants crave reference to the Use of Force Report and deny any allegations inconsistent therewith.  To the extent the allegations contained in Paragraph 168 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

156.    Responding to Paragraph 169 of Plaintiff's Complaint, these Defendants crave reference to the Use of Force Report and deny any allegations inconsistent therewith.  To the extent the allegations contained in Paragraph 169 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

157.    These Defendants deny the allegations contained in Paragraph 170 of Plaintiff's Complaint.

158.    These Defendants deny the allegations contained in Paragraph 171 of Plaintiff's Complaint.

159.    These Defendants deny as stated the allegations contained in Paragraph 172 of Plaintiff's Complaint.

160.    These Defendants deny the allegations contained in Paragraph 173 of Plaintiff's Complaint.

161.    These Defendants admit the allegations contained in Paragraph 174 of Plaintiff's Complaint.

162.    These Defendants deny as stated the allegations contained in Paragraph 175 of Plaintiff's Complaint.

163.    Responding to Paragraph 176 of Plaintiff's Complaint, these Defendants admit only telephones exist in administrative segregation. All other allegations contained in Paragraph 176 of Plaintiff's Complaint are denied.

164.    Responding to Paragraph 177 of Plaintiff's Complaint, these Defendants crave reference to state minimum jail standards in their entirety and deny any allegations inconsistent therewith. To the extent the allegations contained in Paragraph 177 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

165.    These Defendants deny the allegations contained in Paragraph 178 of Plaintiff's Complaint.

166.    These Defendants deny the allegations contained in Paragraph 179 of Plaintiff's Complaint.

167.    These Defendants deny the allegations contained in Paragraph 180 of Plaintiff's Complaint.

168.    These Defendants deny the allegations contained in Paragraph 181 of Plaintiff's Complaint.

169.    These Defendants deny as stated the allegations contained in Paragraph 182 of Plaintiff's Complaint.

170.    These Defendants deny the allegations contained in Paragraph 183 of Plaintiff's Complaint.

171.    These Defendants deny the allegations contained in Paragraph 184 of Plaintiff's Complaint.

172.    These Defendants deny the allegations contained in Paragraph 185 of Plaintiff's Complaint.

173.    These Defendants deny the allegations contained in Paragraph 186 of Plaintiff's Complaint.

174.    These Defendants deny the allegations contained in Paragraph 187 of Plaintiff's Complaint.

175.    These Defendants deny the allegations contained in Paragraph 188 of Plaintiff's Complaint.

176.    Responding to Paragraph 189 of Plaintiff's Complaint, these Defendants admit only that Plaintiff refused to put her right arm back into the restraint and was advised that force would be used against her if she did not put her arm back into the restraints.  All other allegations contained in Paragraph 189 of Plaintiff's Complaint are denied as stated.

177.    These Defendants deny the allegations contained in Paragraph 190 of Plaintiff's Complaint.

178.    Paragraph 191 of Plaintiff's Complaint calls for a legal conclusion such that no response is required.  To the extent that a response to the allegations contained in Paragraph 191

of Plaintiff's Complaint is required or to the extent the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

179.    Responding to Paragraph 192 of Plaintiff's Complaint, these Defendants admit only that Plaintiff was tased.  All other allegations contained in Paragraph 192 of Plaintiff's Complaint are denied.

180.    These Defendants deny the allegations contained in Paragraph 193 of Plaintiff's Complaint.

181.    These Defendants deny the allegations contained in Paragraph 194 of Plaintiff's Complaint.

182.    These Defendant admit only the *Bailey v. Kennedy* opinion includes language "was unarmed and effectively was secured."  All other allegations contained in Paragraph 195 of Plaintiff's Complaint are denied.

183.    These Defendants deny as stated the allegations contained in Paragraph 196 of Plaintiff's Complaint.

184.    These Defendants deny as stated the allegations contained in Paragraph 197 of Plaintiff's Complaint.

185.    Responding to Paragraph 198 of Plaintiff's Complaint, these Defendants admit only that a 2016 Fourth Circuit Court of Appeals opinion describes taser use as such.  All other allegations contained in Paragraph 198 of Plaintiff's Complaint are denied.

186.    Responding to Paragraph 199 of Plaintiff's Complaint, these Defendants crave reference to Defendant Fickett's deposition testimony and deny any allegations inconsistent therewith.  To the extent the allegations contained in Paragraph 199 of Plaintiff's Complaint

could be construed to allege liability on the part of these Defendants, those allegations are denied.

187.    These Defendants deny the allegations contained in Paragraph 200 of Plaintiff's Complaint.

188.    These Defendants deny the allegations contained in Paragraph 201 of Plaintiff's Complaint.

189.    These Defendants deny the allegations contained in Paragraph 202 of Plaintiff's Complaint.

190.    Responding to Paragraph 203 of Plaintiff's Complaint, these Defendants crave reference to the deposition testimony of Defendant Fickett and deny any allegations inconsistent therewith.  To the extent the allegations contained in Paragraph 203 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

191.    These Defendants deny the allegations contained in Paragraph 204 of Plaintiff's Complaint.

192.    These Defendants deny the allegations contained in Paragraph 205 of Plaintiff's Complaint.

193.    These Defendants deny the allegations contained in Paragraph 206 of Plaintiff's Complaint.

194.    Responding to Paragraph 207 of Plaintiff's Complaint, these Defendants admit only that Plaintiff remained in the ERC chair after the use of the taser.  These Defendants lack sufficient information or knowledge at this time to either admit or deny the remaining allegations contained in Paragraph 207 of Plaintiff's Complaint and, therefore, deny the same.

195.    These Defendants deny the allegations contained in Paragraph 208 of Plaintiff's Complaint.

196.    Responding to Paragraph 209 of Plaintiff's Complaint, these Defendants admit only that Plaintiff did not make any phone call immediately after the strip search.  Any other allegations contained in Paragraph 209 of Plaintiff's Complaint are denied as stated.

197.    These Defendants deny the allegations contained in Paragraph 210 of Plaintiff's Complaint.

198.    These Defendants deny the allegations contained in Paragraph 211 of Plaintiff's Complaint.

199.    These Defendants deny the allegations contained in Paragraph 212 of Plaintiff's Complaint.

200.    These Defendants deny the allegations contained in Paragraph 213 of Plaintiff's Complaint.

201.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 214 of Plaintiff's Complaint and, therefore, deny the same.

202.    These Defendants deny the allegations contained in Paragraph 215 of Plaintiff's Complaint.

203.    These Defendants deny the allegations contained in Paragraph 216 of Plaintiff's Complaint.

204.    Responding to Paragraph 217 of Plaintiff's Complaint, these Defendants admit only that Plaintiff used the telephone in March 28, 2014.

205.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 218 of Plaintiff's Complaint and, therefore, deny the same.

206.    These Defendants admit only that Plaintiff was authorized to be released at or about 3:00 p.m. on March 28, 2014.   All other allegations contained in Paragraph 219 of Plaintiff's Complaint are denied.

207.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 220 of Plaintiff's Complaint and, therefore, deny the same.

208.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 221 of Plaintiff's Complaint and, therefore, deny the same.

209.    These Defendants deny the allegations contained in Paragraph 222 of Plaintiff's Complaint.

210.    These Defendants deny the allegations contained in Paragraph 223 of Plaintiff's Complaint.

211.    These Defendants deny the allegations contained in Paragraph 224 of Plaintiff's Complaint.

212.    These Defendants deny the allegations contained in Paragraph 225 of Plaintiff's Complaint.

213.    These Defendants deny the allegations contained in Paragraph 226 of Plaintiff's Complaint.

214.    These Defendants deny the allegations contained in Paragraph 227 of Plaintiff's Complaint.

215.    These Defendants deny the allegations contained in Paragraph 228 of Plaintiff's Complaint.

216.    These Defendants deny the allegations contained in Paragraph 229 of Plaintiff's Complaint.

217.    These Defendants deny the allegations contained in Paragraph 230 of Plaintiff's Complaint.

218.    Responding to Paragraph 231 of Plaintiff's Complaint, these Defendant admit only that Defendant Fickett submitted a Use of Force Report for use of the ERC.  All other allegations contained in Paragraph 231 of Plaintiff's Complaint are denied as stated.

219.    Responding to Paragraph 232 of Plaintiff's Complaint, these Defendants admit only the Use of Force was reviewed.   All other allegations contained in Paragraph 232 of Plaintiff's Complaint are denied.

220.    Responding to Paragraph 233 of Plaintiff's Complaint, these Defendants admit only that Defendant Fickett prepared a Use of Force report for the taser use.  All other allegations contained in Paragraph 233 of Plaintiff's Complaint are denied.

221.    These Defendants deny the allegations contained in Paragraph 234 of Plaintiff's Complaint.

222.    These Defendants deny as stated the allegations contained in Paragraph 235 of Plaintiff's Complaint.

223.    Responding to Paragraph 236 of Plaintiff's Complaint, these Defendants admit only that the referenced report states "was in the emergency restraint chair and refused [sic] to

put her arm back after being instructed to put her arm back in the strap." All other allegations contained in Paragraph 236 of Plaintiff's Complaint are denied.

224.    Responding to Paragraph 237 of Plaintiff's Complaint, these Defendants admit only that the report references charge against Plaintiff. All other allegations contained in Paragraph 237 of Plaintiff's Complaint are denied.

225.    These Defendants deny as stated the allegations contained in Paragraph 238 of Plaintiff's Complaint.

226.    These Defendants admit only that Deputy Mathewes was a supervisor at the time and came to the scene after Plaintiff was tased. All other allegations contained in Paragraph 239 of Plaintiff's Complaint are denied as stated.

227.    These Defendants admit only that Deputies Durbin, Sanders, Tice, Key, and Beatty each reviewed the Use of Force report for the Taser use against Jane Doe and found no violation. All other allegations contained in Paragraph 240 of Plaintiff's Complaint are denied as stated.

228.    These Defendants deny the allegations contained in Paragraph 241 of Plaintiff's Complaint.

229.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 242 of Plaintiff's Complaint and, therefore, deny the same.

230.    These Defendants admit only Charleston County responded to a subpoena dated July 28, 2014. These Defendants lack sufficient information or knowledge at this time to either admit or deny the remaining allegations contained in Paragraph 243 of Plaintiff's Complaint and, therefore, deny the same.

231.    Responding to Paragraph 244 of Plaintiff's Complaint, these Defendants admit only that Senn is counsel of record for these Defendants in *Jane Doe 202, et al. v. City of North Charleston, et al.,* C.A. No. 2014-CP-10-4591, a suit filed by Plaintiff's mother against the City of North Charleston and various police officers.

232.    Responding to Paragraph 245 of Plaintiff's Complaint, these Defendants are not aware of any tortuous conduct taken by any named Defendant and therefore deny the allegations contained in Paragraph 245 of Plaintiff's Complaint.

233.    Paragraph 246 of Plaintiff's Complaint does not contain any allegations against these Defendants such that no response is required. To the extent a response to the allegations contained in Paragraph 246 of Plaintiff's Complaint is required or to the extent that the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

234.    Responding to Paragraph 247 of Plaintiff's Complaint, these Defendants deny any tortuous conduct by any Defendant.

235.    Paragraph 248 of Plaintiff's Complaint does not contain any allegations against these Defendants such that no response is required. To the extent a response to the allegations contained in Paragraph 248 of Plaintiff's Complaint is required or to the extent that the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

236.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 249 of Plaintiff's Complaint and, therefore, deny the same.

237.    Paragraph 250 of Plaintiff's Complaint calls for a legal conclusion such that no response is required.  To the extent that a response to the allegations contained in Paragraph 250 of Plaintiff's Complaint is required or to the extent the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

238.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraphs 251 through 260 of Plaintiffs' Complaint and, therefore, deny the same.

239.    These Defendants reassert their preceding responses in response to the allegations contained in Paragraph 261 of Plaintiff's Complaint.

240.    These Defendants admit the First Cause of Action directed by Plaintiff against Defendant Sheriff Cannon in his official capacity for injunctive relief as alleged in Paragraph 262 of Plaintiff's Complaint, but these Defendants deny Plaintiff is entitled to injunctive relief.

241.    These Defendants deny the allegations contained in Paragraph 263 of Plaintiff's Complaint.

242.    These Defendants deny the allegations contained in Paragraph 264 of Plaintiff's Complaint.

243.    These Defendants admit the allegations contained in Paragraph 265 of Plaintiff's Complaint.

244.    Paragraph 266 of Plaintiff's Complaint calls for a legal conclusion such that no response is required.  To the extent that a response to the allegations contained in Paragraph 266 of Plaintiff's Complaint is required or to the extent the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

245.    These Defendants deny the allegations contained in Paragraph 267 of Plaintiff's Complaint.

246.    These Defendants deny the allegations contained in Paragraph 268 of Plaintiff's Complaint.

247.    Paragraph 269 of Plaintiff's Complaint calls for a legal conclusion such that no response is required.  To the extent that a response to the allegations contained in Paragraph 269 of Plaintiff's Complaint is required or to the extent the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

248.    These Defendants deny the allegations contained in Paragraph 270 of Plaintiff's Complaint.

249.    These Defendants deny the allegations contained in Paragraph 271 of Plaintiff's Complaint.

250.    These Defendants deny the allegations contained in Paragraph 272 of Plaintiff's Complaint.

251.    These Defendants deny the allegations contained in Paragraph 273 of Plaintiff's Complaint.

252.    These Defendants deny the allegations contained in Paragraph 274 of Plaintiff's Complaint.

253.    These Defendants deny the allegations contained in Paragraph 275 of Plaintiff's Complaint.

254.    These Defendants deny the allegations contained in Paragraph 276 of Plaintiff's Complaint.

255.    These Defendants reassert their preceding responses in response to the allegations contained in Paragraph 277 of Plaintiff's Complaint.

256.    These Defendants deny the allegations contained in Paragraph 278 of Plaintiff's Complaint.

257.    These Defendants deny the allegations contained in Paragraph 279 of Plaintiff's Complaint.

258.    These Defendants deny the allegations contained in Paragraph 280 of Plaintiff's Complaint.

259.    These Defendants deny the allegations contained in Paragraph 281 of Plaintiff's Complaint.

260.    These Defendants deny the allegations contained in Paragraph 282 of Plaintiff's Complaint.

261.    These Defendants reassert their preceding responses in response to the allegations contained in Paragraph 283 of Plaintiff's Complaint.

262.    These Defendants deny the allegations contained in Paragraph 284 of Plaintiff's Complaint.

263.    Paragraphs 285 through 288 of Plaintiff's Complaint contain legal conclusions or Plaintiff's interpretation or recitation of case law such that no response is required.  To the extent that a response to the allegations contained in Paragraphs 285 through 288 of Plaintiff's Complaint is required or to the extent the allegations could be construed to allege liability on the part of these Defendants, those allegations are denied.

264.    Responding to Paragraph 289 of Plaintiff's Complaint, these Defendants crave reference to Fickett's deposition and deny any allegations inconsistent therewith.  To the extent

the allegations contained in Paragraph 289 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

265.     These Defendants deny the allegations contained in Paragraph 290 of Plaintiff's Complaint.

266.     These Defendants deny the allegations contained in Paragraph 291 of Plaintiff's Complaint.

267.     Responding to Paragraph 292 of Plaintiff's Complaint, these Defendants crave reference to Fickett's deposition and deny any allegations inconsistent therewith.  To the extent the allegations contained in Paragraph 292 of Plaintiff's Complaint could be construed to allege liability on the part of these Defendants, those allegations are denied.

268.     These Defendants deny the allegations contained in Paragraph 293 of Plaintiff's Complaint.

269.     These Defendants deny the allegations contained in Paragraph 294 of Plaintiff's Complaint.

270.     These Defendants deny the allegations contained in Paragraph 295 of Plaintiff's Complaint.

271.     These Defendants deny the allegations contained in Paragraph 296 of Plaintiff's Complaint.

272.     These Defendants deny the allegations contained in Paragraph 297 of Plaintiff's Complaint.

273.     These Defendants reassert their preceding responses in response to the allegations contained in Paragraph 298 of Plaintiff's Complaint.

274.     These Defendants deny the allegations contained in Paragraph 299 of Plaintiff's Complaint.

275.     These Defendants deny the allegations contained in Paragraph 300 of Plaintiff's Complaint.

276.     These Defendants deny the allegations contained in Paragraph 301 of Plaintiff's Complaint.

277.     These Defendants deny the allegations contained in Paragraph 302 of Plaintiff's Complaint.

278.     These Defendants deny the allegations contained in Paragraph 303 of Plaintiff's Complaint.

279.     These Defendants deny the allegations contained in Paragraph 304 of Plaintiff's Complaint.

280.     These Defendants reassert their preceding responses in response to the allegations contained in Paragraph 305 of Plaintiff's Complaint.

281.     These Defendants deny the allegations contained in Paragraph 306 of Plaintiff's Complaint.

282.     These Defendants deny the allegations contained in Paragraph 307 of Plaintiff's Complaint.

283.     These Defendants deny the allegations contained in Paragraph 308 of Plaintiff's Complaint.

284.     These Defendants deny the allegations contained in Paragraph 309 of Plaintiff's Complaint.

285.     These Defendants deny the allegations contained in Paragraph 310 of Plaintiff's Complaint.

286.     These Defendants reassert their preceding responses in response to the allegations contained in Paragraph 311 of Plaintiff's Complaint.

287.     These Defendants deny the allegations contained in Paragraph 312 of Plaintiff's Complaint.

288.     These Defendants deny the allegations contained in Paragraph 313 of Plaintiff's Complaint.

289.     These Defendants deny the allegations contained in Paragraph 314 of Plaintiff's Complaint.

290.     These Defendants deny the allegations contained in Paragraph 315 of Plaintiff's Complaint.

291.     These Defendants deny the allegations contained in Paragraph 316 of Plaintiff's Complaint.

292.     These Defendants deny the allegations contained in Paragraph 317 of Plaintiff's Complaint.

293.     These Defendants deny the allegations contained in Paragraph 318 of Plaintiff's Complaint.

294.     These Defendants reassert their preceding responses in response to the allegations contained in Paragraph 319 of Plaintiff's Complaint.

295.     These Defendants deny the allegations contained in Paragraph 320 of Plaintiff's Complaint.

296.    These Defendants deny the allegations contained in Paragraph 321 of Plaintiff's Complaint.

297.    These Defendants deny the allegations contained in Paragraph 322 of Plaintiff's Complaint.

298.    These Defendants deny the allegations contained in Paragraph 323 of Plaintiff's Complaint.

299.    These Defendants deny the allegations contained in Paragraph 324 of Plaintiff's Complaint.

300.    These Defendants deny the allegations contained in Paragraph 325 of Plaintiff's Complaint.

301.    These Defendants deny the allegations contained in Paragraph 326 of Plaintiff's Complaint.

302.    These Defendants deny the allegations contained in Paragraph 327 of Plaintiff's Complaint.

303.    These Defendants reassert their preceding responses in response to the allegations contained in Paragraph 328 of Plaintiff's Complaint.

304.    These Defendants deny the allegations contained in Paragraph 329 of Plaintiff's Complaint.

305.    These Defendants deny the allegations contained in Paragraph 330 of Plaintiff's Complaint.

306.    These Defendants reassert their preceding responses in response to the allegations contained in Paragraph 331 of Plaintiff's Complaint.

307.    Responding to Paragraph 332 of Plaintiff's Complaint, these Defendants deny any wrongdoing on behalf of Deputies Dyer, Fickett and Patrice Washington as alleged in Paragraph 332 of Plaintiff's Complaint.

308.    These Defendants deny the allegations contained in Paragraph 333 of Plaintiff's Complaint.

309.    Responding to Paragraph 334 of Plaintiff's Complaint, these Defendants admit Defendant Fickett's report contained statements quoted in Paragraph 334 of Plaintiff's Complaint. All other allegations contained in Paragraph 334 of Plaintiff's Complaint are denied.

310.    These Defendants deny the allegations contained in Paragraph 335 of Plaintiff's Complaint.

311.    These Defendants deny the allegations contained in Paragraph 336 of Plaintiff's Complaint.

312.    These Defendants deny the allegations contained in Paragraph 337 of Plaintiff's Complaint.

313.    These Defendants deny the allegations contained in Paragraph 338 of Plaintiff's Complaint.

314.    These Defendants deny the allegations contained in Paragraph 339 of Plaintiff's Complaint.

315.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 340 of Plaintiff's Complaint and, therefore, deny the same.

316.    These Defendants deny the allegations contained in Paragraph 341 of Plaintiff's Complaint.

317.    These Defendants deny the allegations contained in Paragraph 342 of Plaintiff's Complaint.

318.    These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 343 of Plaintiff's Complaint and, therefore, deny the same.

319.    These Defendants deny the allegations contained in Paragraph 344 of Plaintiff's Complaint.

320.    These Defendants deny the allegations contained in Paragraph 345 of Plaintiff's Complaint.

321.    These Defendants deny the allegations contained in Paragraph 346 of Plaintiff's Complaint.

322.    These Defendants reassert their preceding responses in response to the allegations contained in Paragraph 347 of Plaintiff's Complaint.

323.    These Defendants deny the allegations contained in Paragraph 348 of Plaintiff's Complaint.

324.    These Defendants deny the allegations contained in Paragraph 349 of Plaintiff's Complaint.

325.    These Defendants deny the allegations contained in Paragraph 350 of Plaintiff's Complaint.

326.    These Defendants deny the allegations contained in Paragraph 351 of Plaintiff's Complaint.

327.    These Defendants reassert their preceding responses in response to the allegations contained in Paragraph 352 of Plaintiff's Complaint.

328.     These Defendants lack sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraphs 353 through 360 of Plaintiff's Complaint and, therefore, deny the same.  Answering further, these Defendants are not aware of any tortuous conduct by any named Defendant.

329.     Responding to Paragraph 361 of Plaintiff's Complaint, these Defendants admit Plaintiff has demanded a jury trial.

330.     Responding to Paragraphs 362 through 368 of Plaintiff's Complaint, these Defendants deny at this time that Plaintiff is entitled to any relief.  Answering further, these paragraphs set forth Plaintiff's improper attempt to include issues more properly brought in a separate declaratory judgment action.

331.     Responding to Paragraphs 369 and 370, these Defendants deny Plaintiff is entitled to the relief requested therein, including all subparts.

## FOR A SECOND DEFENSE

332.     The Plaintiff fail to state a claim upon which relief can be granted against these Defendants and, therefore, the Complaint should be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

## FOR A THIRD DEFENSE

333.     These Defendants are entitled to qualified general immunity because their actions and conduct were undertaken in the good faith performance of official duties, based upon reasonable cause and/or just suspicion, without malice, pursuant to just cause and applicable laws then and there existing and proper under the circumstances.

## FOR A FOURTH DEFENSE

334.    To the extent Plaintiff's claims against these Defendants are interpreted to fall under South Carolina law, they are barred and/or limited by the relevant provisions of the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, *et seq.* (2006, as amended), including, but not limited to: (a) the limitations and caps on damages set forth in S.C. Code Ann. § 15-78-120; (b) the bar on punitive damages set forth in S.C. Code Ann. § 15-78-120; and (c) the exceptions to the waiver of immunity, including, without limitation, those set forth in S.C. Code Ann. §§ 15-78-60(4), (5), (6), (20) and (23).

## FOR A FIFTH DEFENSE

335.    To the extent Plaintiff is suing these Defendants in their official capacity, their claims are barred by the Eleventh Amendment, which grants immunity to state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983.  As a result, to the extent Plaintiff has alleged claims for monetary damages against these Defendants in their official capacity under 42 U.S.C. § 1983, these claims must be dismissed.

## FOR A SIXTH DEFENSE

336.    The Plaintiff was solely negligent, or in the alternative comparatively negligent and/or otherwise at fault so as to bar or proportionally reduce any recovery herein pursuant to the doctrines of sole, contributory, and/or comparative negligence.

## FOR A SEVENTH DEFENSE

337.    If and to the extent that Plaintiff was damaged, which is denied, Plaintiff assumed the risk, and therefore, is barred from recovery from these Defendants.

## FOR AN EIGHTH DEFENSE

338.    Any damages suffered by Plaintiff, which are denied, were caused by the acts or omissions of parties other than these Defendants, over whom these Defendants had no responsibility, authority, or control.

## FOR A NINTH DEFENSE

339.    The alleged actions/inactions claimed by the Plaintiff, which are denied, did not rise to the level of a constitutional violation and the Plaintiff did not suffer any infringement of constitutional and/or federal rights, privileges or immunities.

## FOR A TENTH DEFENSE

340.    Even if these Defendants were negligent, which is denied, any negligence of these Defendants were not the direct and proximate cause of any damages suffered by the Plaintiff, which are denied, and therefore these Defendants are not liable.

## FOR AN ELEVENTH DEFENSE

341.    To the extent Plaintiff's claims are based on the doctrine of *respondeat superior*, such claims are barred because the doctrine of *respondeat superior* is not a basis for recovery under 42 U.S.C. § 1983.

## FOR A TWELFTH DEFENSE

342.    Defendants assert the intracorporate conspiracy doctrine as a defense to Plaintiff's causes of action for conspiracy.

## FOR A THIRTEENTH DEFENSE

343.    Defendants assert the defenses of truth and/or absolute or qualified privilege may be applicable to Plaintiff's causes of action for defamation.

## FOR A FOURTEENTH DEFENSE

344.     Plaintiff's claims may be barred by the doctrines of unclean hands, waiver, and estoppel.

## FOR A FIFTEENTH DEFENSE

345.     Plaintiff's allegations may be barred, whether in whole or in part, by the applicable statute of limitations and/or pursuant to the doctrine of laches.

## FOR A SIXTEENTH DEFENSE

346.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, and/or judicial estoppel.

## FOR A SEVENTEENTH DEFENSE

347.     Plaintiff is unable to meet the legal requirements for the entry of injunctive and declaratory relief and her claims for such relief should be dismissed.

## FOR AN EIGHTEENTH DEFENSE

348.     Plaintiff's claims are barred by sovereign immunity of the State of South Carolina.

## FOR A NINETEENTH DEFENSE

349.     Plaintiff's claim for punitive damages violates the rights of these Defendants under the United States Constitution, the Constitution of the State of South Carolina, and is barred by the provisions of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-120 (2006, as amended).

## FOR A TWENTIETH DEFENSE

350.    These Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and, as such, reserves the right to amend their Answer to assert any such defenses.

**WHEREFORE**, having fully responded to Plaintiff's Complaint, these Defendants pray that such Complaint be dismissed with prejudice, that the relief sought by Plaintiff be denied, that judgment be rendered in favor of these Defendants, that Plaintiff be assessed with all costs of this action, and that these Defendants have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

CORRIGAN & CHANDLER LLC

s/ AMANDA K. DUDGEON
AMANDA K. DUDGEON, Fed ID 99681
Email:  mandi@corriganchandler.com
J.W. NELSON CHANDLER, Fed ID 7593
Email:  nelson@corriganchandler.com
P.O. Box 547
Charleston, SC 29402
Phone:  (843) 577-5410
Fax:  (843) 577-5650

*Attorneys for Defendants Sheriff Al Cannon,
Kathryn Farmer, Thomasina Dyer, Andrew T.
Grant, Lindsay Fickett, Brandon Calvert, Elijah
Sanders, Patrice Washington, Tracey Mathewes,
Steven Durbin, Bernard Keyes, Michael Tice, Willis
L. Beatty, Christopher McLauchlan, and Michael A.
Walters*

May 31, 2016