**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Jane Doe 202a, | ) | C/A No. 2:16-cv-00530-RMG-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report & Recommendation |
| | ) | |
| Al Cannon, Sheriff of Charleston County, | ) | |
| individually and in his official capacity, et al. | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

The Plaintiff, through counsel, brings this action under 42 U.S.C. § 1983 and state law against Al Cannon, Sheriff of Charleston County; several deputy sheriffs and employees of the sheriff; and Sandra J. Senn and Senn Legal, LLC ("the Senn Defendants"). Before the court is Defendants Sandra J. Senn and Senn Legal, LLC's Motion to Dismiss pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 8.)  The Plaintiff's Memorandum Opposing the Motion to Dismiss by Defendants Sandra J. Senn and Senn Legal , LLC was filed on June 13, 2016. (Dkt. No. 32.) The Senn Defendants filed a reply on June 22, 2016. (Dkt. No. 37.) All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.  This court recommends that the Motion to Dismiss (Dkt. No. 8) be granted.

The Senn Defendants are named as defendants in a related case brought by the Plaintiff as well. *See Jane Doe 202a v. Leigh Anne McGowan*, 2:16-cv-00777-RMG-MGB. The Plaintiff concedes that the defamation claims brought against the Senn Defendants in the case at bar and in 2:16-cv-777 are the same claims. (Dkt. No. 32 at 11.)

1

**Relevant Alleged Facts**

The Plaintiff alleges that in March of 2014 she was wrongfully arrested in her home for assaulting a police officer in violation of a North Charleston City Ordinance. (Dkt. No. 1 ¶20.) The Plaintiff was then booked into the Charleston County Detention Center ("the jail") under the custody of the Sheriff as a result of her arrest. (*Id.* ¶¶ 21, 25.) After the Plaintiff was booked into the jail, the arresting officer reduced the charge against her to simple assault, which she alleges was still false. (*Id.* ¶ 25.)  The Plaintiff alleges that the Sheriff's policy and practice at the jail is to retaliate against individuals charged with assaulting a police officer or who ask to speak to a lawyer. (*Id.* ¶¶ 26, 30.)

The Plaintiff was kept in the jail for a total of 17 hours and 15 minutes. (Dkt. No. 1 ¶ 32.) During that time, the Plaintiff alleged that many of her constitutional rights were violated by the Defendant jail staff, under the supervision of the Sheriff.  The Plaintiff alleges that the jail staff worked in a conspiracy to deny the Plaintiff her constitutional rights. The Plaintiff alleges that she was denied access to a lawyer and was not allowed to contact anyone to inform them she was in jail. (*Id.* ¶ 34.)  She alleges that her constitutional rights when various jail Defendants: (1) improperly demanded to strip search her (*Id.* ¶ 41); (2) refused to tell her why she was arrested and then told her a false reason (*Id.* ¶ 50, 52); (3) assaulted her and then hid evidence of the assault (*Id.* ¶ 59); (4) mischaracterized her conduct following the assault (*Id.* ¶ 136); (5) falsely claimed she was intoxicated (*Id.* ¶ 169); (6) placed her in a restraint chair (*Id.* ¶ 171); (7) sexually degraded her by putting her on display (*Id.* ¶ 183); (8) improperly tased her (*Id.* ¶ 188); (9) improperly strip searched her (*Id.* ¶ 208); and (10) intentionally gave her a man's jail uniform to degrade her (*Id.* ¶ 210).

The Plaintiff alleges that Sandra J. Senn is a private citizen and Senn Legal, LLC is a domestic for-profit limited liability corporation with Sandra J. Senn as its principal. (Dkt. No. 1 ¶¶10-12.)  The Plaintiff alleges that Sandra J. Senn engaged in defamation *per se* of the Plaintiff as a representative of Senn Legal LLC. (*Id.* ¶ 10)   Additionally, the Plaintiff alleges that Sandra J. Senn engaged in defamation *per se* of the Plaintiff as either a private citizen or as a representative of her legal clients, which would impute liability onto the clients. (*Id.* at 10.)

Jane Doe 202a's mother brought a suit in state court against the City of North Charleston and various police officers.  The mother's state court suit concerned the warrantless entry into her home on the night of the Plaintiff's arrest and the effects it had on her as a vulnerable adult without care while her daughter was in jail. (Dkt. No. 1 ¶¶ 1, 244.) The Senn Defendants represented the City of North Charleston and the police officers in that litigation. (*Id.* at ¶ 244.) The Plaintiff alleges that actions taken by Sandra Senn were taken on behalf of herself personally, and Senn Legal, LLC.  (*Id.* ¶¶ 245, 246) The Plaintiff alternatively alleges that the Sandra Senn's actions were taken on behalf of the Sheriff and his deputies, or the City of North Charleston and its officers, or a combination of those entities. (*Id.* ¶¶ 245, 246)

The Plaintiff alleges that she is a private figure for purposes of a defamation claim. (Dkt. No. 1 ¶250.) In 2014, the Senn Defendants made unprivileged writings to third parties denying the Plaintiff had been tased in the jail and stating her report of the tasing was false. (*Id.* ¶ 251.) These false statements were made knowingly or with reckless disregard for the truth. (*Id.* ¶ 252.) The statements accused the Plaintiff of falsely reporting a crime and were written to third parties. (*Id.* ¶ 253.)  The Senn Defendant's "ulterior and illicit purpose" for making the statements was to improperly influence witnesses against the Plaintiff and that purpose was achieved. (*Id.* ¶ 254.)

3

The Plaintiff alleges that the Senn Defendants made further defamatory statements that the Plaintiff yelled, demeaned, and cursed at everyone in the restraint chair area of the jail. (Dkt. No. 1 ¶ 255.)  The Senn Defendants knew that these statements were false when they were published to third parties. (*Id.* ¶ 256.) The statements were made to "advance the conspiratorial objective" of distorting the Plaintiff's conduct in jail. (*Id.* ¶ 256.)

The Plaintiff alleges that in 2015 the Senn Defendants published defamatory statements to third parties. The Plaintiff alleges that Sandra Senn "suspect[ed] [the Plaintiff and two other family members] had cleaned up" the Plaintiff's mother for a visit with the mother's lawyer. (Dkt. No. 1 ¶ 257.) Also in 2015, the Senn Defendants published to third parties a defamatory statement calling the Plaintiff a "crazy lady." (*Id.* ¶ 258.)  The Senn Defendants are part of an effort by the City of North Charleston to intimidate and retaliate against the Plaintiff. (*Id.* ¶ 258.) This intimidation was to try to keep the Plaintiff from accessing the courts and seeking redress. (*Id.* ¶ 259.)

The Plaintiff alleges that Sandra J. Senn is liable under 42 U.S.C. § 1983 because she may have taken tortious actions on behalf of other Defendants under color of state law. (Dkt. No. 1 ¶ 305.)  The Complaint states that Sandra Senn is liable "alternatively" to the other Defendants. The Plaintiff alleges that a total of 18 of the Plaintiff's constitutional rights were violated by the Defendants. (*Id.* ¶ 306.)  The Plaintiff alleges that Sandra J. Senn may be liable for any of these violations if she "acted in a representative capacity for one or more other Defendants under color of state law." (*Id.* ¶ 307.)

The Complaint alleges that "it is not known if the Senn defendants participated in the spoliation process of what jail video to destroy, but it is known that jail video was first produced only through the Senn defendants and after consultation by the Sheriff with the Senn

4

defendants." (*Id.* ¶ 243.) The Complaint is referring to the allegation that the Sheriff and other

Defendants destroyed video tape of the Plaintiff's time in jail to hide their acts before responding

to a FOIA request. (*Id.* ¶ 32.)

## **Standard of Review**

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it

does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v.*

*Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court]

must determine whether it is plausible that the factual allegations in the complaint are 'enough to

raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir.

2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of

his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v.*

*Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must

"take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded

allegations as true and view[s] the complaint in the light most favorable to the non-moving

party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan*

*Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)).  However, while the court must draw

all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn

from the facts, . . .unwarranted inferences, unreasonable conclusions or arguments." *Nemet*

*Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards*

*v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

## Defamation Claims

The Plaintiff has failed to state a claim for defamation.  Under South Carolina law, a plaintiff must show the following elements to prove a defamation claim:

(1) a false and defamatory statement was made;

(2) the unprivileged publication was made to a third party;

(3) the publisher was at fault; and

(4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Erickson v. Jones St. Publishers, L.L.C.*, 368 S.C. 444, 465, 629 S.E.2d 653, 664 (2006). Defamation *per se* occurs when the meaning or message of the statement is obvious on its face. *Id.* "Each act of defamation is a separate tort that, in most instances, a plaintiff must specifically allege." *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, No. 97-2397, 1999 WL 89125, 172 F.3d 862 (Table)(4th Cir. 1999) (citing *Caudle v. Thomason,* 942 F.Supp. 635, 638 (D.D.C.1996) ("in order to plead defamation, a plaintiff should allege specific defamatory comments [including] 'the time, place, content, speaker, and listener of the alleged defamatory matter.'")) A defendant "cannot be expected to defend against an allegation that [the defendant] defamed Plaintiff by making a statement heard by unknown persons at an unknown place at an unknown time." *Colleton v. Charleston Water System, et al,* No. 2:15-cv-2321-RMG at *8 (D.S.C. Mar. 25, 2016) (dismissing plaintiff's defamation claim without prejudice).

The Complaint fails to state a claim for defamation as it does not provide sufficient notice to the Senn Defendants of the claims against them. *See Colleton v. Charleston Water System, et al,* No. 2:15-cv-2321-RMG at *8 (D.S.C. Mar. 25, 2016).  The complaint apparently describes three or more separate alleged instances of defamation.  The alleged statements are quoted at least in part.  However, the Complaint does not include when the statements were made beyond

6

the year.  The Complaint does not state where the statements were made or by what medium.

The Complaint conclusively alleges that the statements were to unspecified third parties.

In her response to the Motion, the Plaintiff's argument has the effect of conceding that

the Complaint does not contain the specific allegations required.  (Dkt. No. 32 at 8-9.)  The

Plaintiff argues that the Senn Defendants were on notice of the defamatory statements because

the Plaintiff identified the statements in discovery and the statements were "attached to a *public*

*filing* made by the mother in 2014-CP-10-4591."[1]  (*Id.* at 8 (emphasis in original).)  The Plaintiff

does not assert that the Complaint contains the time, place, or recipient of the alleged statements.

The Plaintiff's argument is self-defeating as it asks this court to look beyond to Complaint to find

that the Senn Defendants had sufficient notice of the defamation claims.  The undersigned finds

that the Complaint fails to state a claim for defamation.  The undersigned recommends

dismissing the defamation claims against the Senn Defendants without prejudice and

recommends allowing the Plaintiff leave to file a motion to amend her complaint along with a

proposed amended complaint.[2]

---

[1] The Plaintiff argues 2014-CP-10-4591, the Plaintiff's mother's state court case, does not relate "more than tangentially" to the case at bar, yet relies on filings in the mother's state court case as sufficient to provide notice of the claims in her federal complaint. (Dkt. No. 32 at 5.)

[2] The Senn Defendants argue that they are not liable for any alleged defamatory statements because they are protected by an absolute privilege for statements related to judicial proceedings. (Dkt. No. 8 at 7-9.)  The absolute privilege for statements related to judicial proceedings is broad and encompasses any "relevant statement" including "communications between counsel, statements made by counsel to a prospective witness, arguments or statements by counsel in course of proceeding, any statements made by witnesses in the course of the proceedings and even statements in the course of negotiation of a settlement." *Corbin v. Washington Fire & Marine Ins. Co.*, 278 F. Supp. 393, 398 (D.S.C.), *aff'd,* 398 F.2d 543 (4th Cir. 1968) (citations omitted).  The absolute privilege for statements related to judicial proceedings even shields a speaker from liability when acting with actual malice, i.e. "when the speaker acts with knowledge that the statement is false or with reckless disregard of whether it was false or not." *Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 22, 567 S.E.2d 881, 892 (Ct. App. 2002).  An absolute privilege is an affirmative defense to a defamation claim and may only be applied in a motion to dismiss "if all facts necessary to the affirmative defense clearly appear on the face of

### 42 U.S.C § 1983 Claim

The Plaintiff has failed to state a claim upon which relief may be granted against the Senn

Defendants under 42 U.S.C. § 1983. In order to state a claim pursuant to 42 U.S.C. § 1983, a

plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity

secured by the Constitution or laws of the United States," and (2) "that the conduct complained

of was committed by a person acting under color of state law." *Dowe v. Total Action Against*

*Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also*

*Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir.

1980).  In a § 1983 action, "liability is personal, based upon each defendant's own constitutional

violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private

conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*,

526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "The person

charged must either be a state actor or have a sufficiently close relationship with state actors such

that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche*

*v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). "[P]rivate activity will generally not be deemed

'state action' unless the state has so dominated such activity as to convert it into state action:

'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." *Id.* at 507

(quoting *Blum*, 457 U.S. at 1004).  A private attorney representing state actors does not act under

---

the complaint." *Rodarte v. Wal-Mart Assocs., Inc.*, No. 6:12-CV-00055, 2013 WL 1898999, at
*7 (W.D. Va. May 6, 2013) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th
Cir.2007)). As discussed herein, the Complaint has not stated a claim for defamation.  Likewise,
the Complaint does not contain sufficient factual allegations to determine if the absolute
privilege would apply. If the Plaintiff files a motion to amend her complaint with a proposed
amended complaint containing a well pleaded claim for defamation, the absolute privilege might
very well apply to make any amendment futile.

color of state law for § 1983 purposes. *Jenkins v. McDonald Patrick Poston Hemphill & Roper LLC, et al.,* No. 5:14-cv-04498-RMG-KDW at \*3 (D.S.C. Feb. 5, 2015) *Rep't & Recommendation adopted*, No. 5:14-cv-04498-RMG-KDW at \*3 (D.S.C. Mar. 3, 2015) (citing *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005)).

The Plaintiff alleges that Defendants Farmer, Dyer, Walters, McLauchlan, and Calvert are liable under § 1983. (Dkt. No. 1 ¶¶ 305-310.)  The Plaintiff further alleges that, to the extent Defendants Farmer, Dyer, Walters, McLauchlan, and Calvert are not liable, Sandra J. Senn is "alternatively" liable. (*Id.*) The Plaintiff alleges that Defendant Senn is liable if she "acted in a representative capacity for one or more other Defendants under color of state law." (*Id.* ¶ 307.) As a matter of law, Defendant Senn was not a state actor for any actions she took in a representative capacity.  The Plaintiff has failed to allege any actionable § 1983 claim against Defendant Senn because the Complaint does not allege sufficient allegations that Defendant Senn acted under color of state law.  Therefore, the undersigned recommends that Plaintiff's 42 U.S.C. § 1983 claim against Defendant Senn be dismissed.

## Spoliation

To the extent the Plaintiff is making a claim for spoliation against the Senn Defendants, the Plaintiff has failed to state a claim upon which relief may be granted.  South Carolina law does not recognize an independent action for spoliation. *Barnes v. Seigler*, No. 5:11-cv-01156-MBS, 2012 WL 4478966, at \*7 (D.S.C. Sept. 27, 2012), *aff'd,* 540 F. App'x 228 (4th Cir. 2013). Therefore, the undersigned recommends that any spoliation claims against the Senn Defendants be dismissed.

## Conclusion

Based on the foregoing, this court RECOMMENDS that the Defendants Sandra J. Senn and Senn Legal, LLC's Motion to Dismiss be GRANTED as to all claims against the Senn Defendants WITHOUT PREJUDICE as to the Plaintiff's defamation claims and WITH PREJUDICE  as to the Plaintiff's claims under 42 U.S.C § 1983 and claims for spoliation.

IT IS SO RECOMMENDED.

January 5, 2017

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

10

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).