**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Jane Doe 202a, ) | C/A No. 2:16-cv-00530-RMG-MGB |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | Report & Recommendation |
| ) | |
| Al Cannon, Sheriff of Charleston County, ) | |
| individually and in his official capacity, et al. ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

The Plaintiff, through counsel, brings this action for violations of her constitutional rights and under state law against Al Cannon, Sheriff of Charleston County; several deputy sheriffs and employees of the sheriff; and Sandra J. Senn and Senn Legal, LLC ("the Senn Defendants"). Before the court is Defendants Sheriff Al Cannon ("Sheriff"), Kathryn Farmer ("Farmer"), Thomasina Dyer ("Dyer"), Andrew T. Grant ("Grant"), Lindsay Fickett ("Fickett"), Brandon Calvert ("Calvert"), Elijah Sanders ("Sanders"), Patrice Washington ("Washington"), Tracey Matthewes ("Matthewes"), Steven Durbin ("Durbin"), Bernard Keyes ("Keyes"), Michael Tice ("Tice"), Willis L. Beatty ("Beatty"), Christopher McLauchlan ("McLauchlan"), and Michael A. Walters ("Walters") (collectively, the "CCSO Defendants") Motion to Dismiss pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 46.) The Plaintiff's Memorandum Opposing the Motion to Dismiss by Defendants Al Cannon and other Deputies was filed on September 1, 2016. (Dkt. No. 47.) The CCSO Defendants filed a reply on September 12, 2016. (Dkt. No. 48.) All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This court recommends that the Motion to Dismiss (Dkt. No. 46) be granted in part and denied in part.

1

**Relevant Alleged Facts[1]**

The Plaintiff alleges that in March of 2014 she was wrongfully arrested in her home for assaulting a police officer in violation of a North Charleston City Ordinance. (Dkt. No. 1 ¶20.) The Plaintiff was then booked into the Charleston County Detention Center ("the jail") under the custody of the Sheriff as a result of her arrest. (*Id.* ¶¶ 21, 25.) After the Plaintiff was booked into the jail, the arresting officer reduced the charge against her to simple assault, which she alleges was still false. (*Id.* ¶ 25.) The Plaintiff alleges that the Sheriff's policy and practice at the jail is to retaliate against individuals charged with assaulting a police officer or who ask to speak to a lawyer. (*Id.* ¶¶ 26, 30.)

The Plaintiff was kept in the jail for a total of 17 hours and 15 minutes. (Dkt. No. 1 ¶ 32.) During that time, the Plaintiff alleges that many of her constitutional rights were violated by the CCSO Defendants, under the supervision of the Sheriff. The Plaintiff alleges that Defendants Cannon, Farmer, Dyer, Fickett, Walters, McLauchlan, Calvert, and "any other defendant on whose behalf Defendants Sandra J. Senn acted under color of state law" conspired to deny the Plaintiff her constitutional rights. (*Id.* ¶¶ 277-282.) While not asserting a conspiracy claim against Defendant Senn under § 1983, the Plaintiff alleges that Defendant Senn took part in the conspiracy as well. (*Id.* ¶ 280.) The Plaintiff alleges that she was denied access to a lawyer and was not allowed to contact anyone to inform them she was in jail. (*Id.* ¶ 34.) She alleges that her constitutional rights were violated by various CCSO Defendants when they: (1) improperly demanded to strip search her (*Id.* ¶ 41); (2) refused to tell her why she was arrested and then told

---

[1] The Plaintiff's recitation of the facts in her Memorandum Opposing the Motion (Dkt. No. 47) contains numerous facts that are not contained in the Complaint and are from deposition testimony and other sources. In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must determine if the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, the court will rely solely on the Complaint unless otherwise noted.

her a false reason (*Id.* ¶ 50, 52); (3) assaulted her and then hid evidence of the assault (*Id.* ¶ 59); (4) mischaracterized her conduct following the assault (*Id.* ¶ 136); (5) falsely claimed she was intoxicated (*Id.* ¶ 169); (6) placed her in a restraint chair (*Id.* ¶ 171); (7) sexually degraded her by putting her on display (*Id.* ¶ 183); (8) improperly tased her (*Id.* ¶ 188); (9) improperly strip searched her (*Id.* ¶ 208); and (10) intentionally gave her a man's jail uniform to degrade her (*Id.* ¶ 210). The Plaintiff alleges that the Sheriff "uses a spoliation practice in destroying video, to eliminate evidence of deputy misconduct and detainee abuse, and to distort detainee conduct so as to justify depriving detainees of rights, as was done with Jane Doe." (*Id.* ¶ 105.)

The Plaintiff alleges that Sandra J. Senn is a private citizen and Senn Legal, LLC is a domestic for-profit limited liability corporation with Sandra J. Senn as its principal. (Dkt. No. 1 ¶¶10-12.) The Plaintiff alleges that Sandra J. Senn engaged in defamation *per se* of the Plaintiff as a representative of Senn Legal LLC. (*Id.* ¶ 10)   Additionally, the Plaintiff alleges that Sandra J. Senn engaged in defamation *per se* of the Plaintiff as either a private citizen or as a representative of her legal clients, which would impute liability onto the clients. (*Id.* at 10.)

Jane Doe 202a's mother brought a suit in state court against the City of North Charleston and various police officers. The mother's state court suit concerned the warrantless entry into her home on the night of the Plaintiff's arrest and the effects it had on her as a vulnerable adult without care while her daughter was in jail. (Dkt. No. 1 ¶¶ 1, 244.) The Senn Defendants represented the City of North Charleston and the police officers in that litigation. (*Id.* at ¶ 244.) The Plaintiff alleges that she is a private figure for purposes of a defamation claim. (Dkt. No. 1 ¶250.) The Plaintiff alleges that in 2014, the Senn Defendants made unprivileged writings to third parties denying the Plaintiff had been tased in the jail and stating her report of the tasing was false. (*Id.* ¶ 251.)  These false statements were made knowingly or with reckless disregard

3

for the truth. (*Id.* ¶ 252.) The statements accused the Plaintiff of falsely reporting a crime and were written to third parties. (*Id.* ¶ 253.)  The Senn Defendants' "ulterior and illicit purpose" for making the statements was to improperly influence witnesses against the Plaintiff and that purpose was achieved. (*Id.* ¶ 254.)

The Plaintiff alleges that the Senn Defendants made further defamatory statements that the Plaintiff yelled, demeaned, and cursed at everyone in the restraint chair area of the jail. (Dkt. No. 1 ¶ 255.)  The Senn Defendants knew that these statements were false when they were published to third parties. (*Id.* ¶ 256.) The statements were made to "advance the conspiratorial objective" of distorting the Plaintiff's conduct in jail. (*Id.* ¶ 256.)

## Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6),[2] a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v.*

---

[2] As a matter procedure, the court construes the CCSO Defendants' Motion to Dismiss as a Motion for Judgment on the Pleadings under Rule 12(c) Fed. R. Civ. P.  A motion for judgment on the pleadings under Rule 12(c) differs from a motion to dismiss under Rule 12(b)(6) in that the former is filed *after* the Answer, while the latter is filed before or contemporaneously to the Answer. "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013) (citing *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir.1999)).

*Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . .unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

### Claims Against DFC E. Sanders

This court finds that the Complaint (Dkt. No. 1) fails to state a claim against Defendant Sanders. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* "The complaint must provide enough specificity to 'give the defendant fair notice of what the plaintiff's claim is.'" *Pringle v. City of Charleston Police Dep't*, No. C/A 2:06-cv-3295-PMD, 2007 WL 295629, at *5 (D.S.C. Jan. 29, 2007) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, (1993) (internal quotation omitted)).

The Complaint does not include Defendant Sanders as a defendant in any of his articulated causes of action. The Complaint fails to allege any relief sought against Defendant Sanders as well. The Plaintiff concedes that Defendant Sanders is not named as a Defendant in any of the stated causes of action "as he should be." (Dkt. No. 47 at 27.) The Plaintiff argues that Defendant Sanders was "implicitly" named as a Defendant in her sixth cause of action, which is "supervisor liability under 42 U.S.C § 1983." (*Id.*; Dkt. No. 1 ¶¶ 311-318.) The Plaintiff asks the court to correct the omission by adding Defendant Sanders name because it was the result of a clerical error or, in the alternative, to allow the Plaintiff to amend the Complaint. (Dkt. No. 47 at 27-28.)

The Complaint fails to provide sufficient notice to Defendant Sanders of the claims brought against him. This court recommends that the Motion to Dismiss as to Defendant Sanders be granted without prejudice. This court has already recommended that the district court allow the Plaintiff leave to file a motion to amend along with a proposed amended complaint. (*See* Dkt. No. 57 at 7.) This recommendation will allow the Plaintiff to assert her desired claim against Defendant Sanders.

### First Cause of Action: Claim 42 U.S.C. §§ 1981 & 1983 for Injunctive Relief

This court concludes that the Plaintiff's first cause of action, which seeks injunctive relief, is moot. In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

6

The Plaintiff alleges that "[t]his cause of action pursuant to 42 U.S.C. § 1983 is directed against the Sheriff in his official capacity for injunctive relief." (Dkt. No. 1 ¶ 262.) The Plaintiff alleges that the Sheriff has failed to properly train his deputies regarding detained individuals' rights. (*Id.* ¶ 263.) The Plaintiff alleges that the Sheriff's failure to train led to her constitutional rights being violated in the jail. (*Id.*¶¶ 266-267.) The Plaintiff alleges that "the Sheriff has a policy or custom" to not sufficiently fund deputy training and to not sufficiently fund the jail. (*Id.* ¶272.)

The Complaint states that injunctive relief is proper to stop the Sheriff from operating the jail without sufficient funding (Dkt. No. 1 ¶ 273), to stop the future spoliation of evidence (¶ 274), and to stop insufficient funding of deputy training of detainee's rights (¶ 275). The Plaintiff alleges that "unless enjoined, the Sheriff will continue to fail to train his deputies against creating a danger to detainees."(¶ 276.) The Plaintiff was released from the jail in March of 2014. (Dkt. No. 1 ¶¶ 19, 220.)

The CCSO Defendants argue that this cause of action may not be brought against Defendant Cannon in his official capacity because he enjoys immunity under the Eleventh Amendment. Sheriffs in South Carolina are state officials for purposes of Eleventh Amendment immunity. *See Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (citing *Gulledge v. Smart, 691 F.Supp. 947 (D.S.C.1988)*, *aff'd mem.*, 878 F.2d 379 (4th Cir.1989). However, that immunity only extends to money damages, not injunctive relief. *Id.* (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989)). The Sheriff does not enjoy immunity as to the Plaintiff's claims for injunctive relief. *Phomphackdi v. Spartanburg Cty.*, No. 9:05-cv-3084-DCN-GCK, 2007 WL 858736, at *7 (D.S.C. Mar. 20, 2007) ("To the extent that plaintiff argues that Eleventh Amendment immunity does not protect state officials in their official capacities

7

from § 1983 claims for injunctive relief, plaintiff is correct. However, any injunctive relief sought by plaintiff against the Spartanburg County Sheriff is now moot, as the record establishes he is no longer being held at the [detention center].").

The Plaintiff's claims are moot because she was released from the jail. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). The release of a pretrial detainee from custody renders any claims for injunctive relief moot. *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005); *see also Incumaa v. Ozmint,* 507 F.3d 281, 289 (4th Cir. 2007) (held that state prisoner's claims for injunctive relief were moot after his release from lock up); *Wilcox v. S.C. Dep't of Corr.*, No. 9:14-cv-3747-RMG, 2015 WL 7428569, at n.1 (D.S.C. Nov. 23, 2015).

It is undisputed that the Plaintiff is no longer detained.  All of the claims for injunctive relief in the Complaint include language indicating that an injunction would protect the rights of detainees.  The Plaintiff does not allege that any injunction is necessary to protect her rights. This court recommends that the Plaintiff's claims for injunctive relief against Defendant Cannon be dismissed with prejudice.

**<u>Second Cause of Action: Conspiracy under 42 U.S.C. § 1983</u>**

This court concludes that it cannot yet be determined if the Plaintiff states a claim for a conspiracy under 42 U.S.C. § 1983. The Plaintiff alleges that Defendants Cannon, Farmer, Dyer, Fickett, Walters, McLauchlan, Calvert, and "any other defendant on whose behalf Defendant Sandra J. Senn acted under color of state law" formed a civil conspiracy under § 1983 and took acts to deprive the Plaintiff of her constitutional rights. (Dkt. No. 1 ¶ 278.)  The Plaintiff alleges that the conspirators shared the objectives of preventing the plaintiff from calling her family or

8

counsel and retaliating against her for being charged with assaulting an officer. (*Id.* at 280.) The Plaintiff alleges that Sandra Senn later acted to further the conspiracy in her representative capacity as a lawyer. (*Id.*) The Complaint does not bring this conspiracy claim against Sandra Senn.

To establish a civil conspiracy under § 1983, a plaintiff must show that the Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in the deprivation of a constitutional right. *Glassman v. Arlington County, VA*, 628 F.3d 140 (2010) (citing *Hinkle v. City of Clarksburg*, 81 F.3d 416 (4th Cir.1996)). A plaintiff must show with specificity that each member of the alleged conspiracy shared the same conspiratorial objective. *Hinkle*, 81 F.3d at 421. A plaintiff's factual allegations must reasonably lead to the inference that the Defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." *Id.*

The CCSO Defendants argue that the intra-corporate conspiracy doctrine bars the Plaintiff's claims for conspiracy under § 1983.[3] "A single entity cannot conspire amongst itself." *Cohn v. Bond*, 953 F.2d 154, 159 (4th Cir.1992). In the context of a § 1983 claim, "[a] corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Buschi v. Kirven*, 775 F.2d 1240, 1251 (4th Cir. 1985) (quoting *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir.1952), *cert. denied*, 345 U.S. 925 (1953)). Suing defendants in their individual capacities is not enough to make the defendants separate persons from the corporation. *Buschi*,

---

[3] The "intracorporate conspiracy doctrine" is also referred to as the "intracorporate immunity doctrine." *Bailey v. Atl. Auto. Corp.*, 992 F. Supp. 2d 560, 568 n.8 (D. Md. 2014); *see also Buschi v. Kirven,* 775 F.2d 1240, 1252 (4th Cir. 1985) ("Nor is the **immunity** granted under the doctrine to the agents and the corporation destroyed because the agents are sued individually.") (emphasis added).

9

775 F.2d at 1252; *see also Veney v. Ojeda,* 321 F. Supp. 2d 733, 748 (E.D. Va. 2004) (dismissing § 1983 conspiracy claims brought against two police officers from the same police department in their individual capacities under the intra-corporate conspiracy doctrine).

The Fourth Circuit has recognized two exceptions to the intra-corporate conspiracy doctrine. *Buschi*, 775 F.2d at 1252-53. The first exception is "when the officer has an independent personal stake in achieving the corporation's illegal objective." *Id.* at 1252 (citation and internal quotation omitted). The second exception is when an agent makes an "*unauthorized* act." *Id.* at 1253 (citation and internal quotation omitted) (emphasis in original).

This cause of action is alleged only against the Sheriff and his deputies. The Plaintiff concedes that "the Sheriff has the right to appoint deputies, subject to judicial approval, and 'the sheriff shall in all cases be answerable for neglect of duty or misconduct in office of any deputy.'" (Dkt. No. 47 at 23 (quoting S.C. Code § 23-23-10).) The Plaintiff argues that "there is evidence that deputies affirmatively disregarded Sheriff policies, perhaps acting out of their own 'independent personal stake,' to retaliate against the plaintiff because of the charges against her." (Dkt. No. 47 at 23.)

The first exception to the intra-corporate conspiracy doctrine, applicable when an officer has an independent personal stake in the conspiracy's objective, does not apply in this case. The Complaint contains no allegations that any member of the conspiracy acted of their own independent stake.

The second exception to the intra-corporate conspiracy doctrine, applicable when an conspirator commits unauthorized acts, cannot be determined in the case at bar at the present stage of the litigation. The Complaint appears to make inconsistent allegations as to whether the CCSO Defendants' actions were authorized or not. The Complaint repeatedly alleges that the

10

conspiracy's goals of retaliation and infringing the Plaintiff's constitutional rights were the result of the Sheriff's policy, custom, and practice. (Dkt. No. 1 ¶¶ 26, 31, 61, 98, 113, 268, 271, 272.) However, the Complaint alleges that the conspirators' actions were contrary to policy as well. (*Id.* ¶¶ 30, 121.) "Because the applicability of the exceptions to intracorporate immunity entail a factual inquiry," this court recommends that CCSO Defendants' Motion to Dismiss be denied at this time to allow factual development. *Bell v. City of Roanoke Sheriff's Office*, No. 7:09-cv-00214, 2009 WL 5083459, at *4 (W.D. Va. Dec. 23, 2009) (denying motion to dismiss a § 1983 conspiracy claim against deputies under 12(b)(6) where there were conflicting allegations as to whether officers acted within the scope of their authority).[4]

### Eighth Cause of Action: Declaratory Relief

This court concludes that the Plaintiff failed to plead a proper claim for declaratory judgment in her eighth cause of action. The Plaintiff's cause of action for declaratory relief is only three paragraphs and asks the court to "declare that [the Plaintiff's] rights under the First. Sixth, and Fourteenth Amendments to the United States Constitution were infringed by the conduct alleged in the Complaint." (Dkt. No. 1 ¶¶ 328-330.) The Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C §§ 1983 and 1986.[5] (*Id.*)

U.S. Magistrate Judge Jacquelyn D. Austin discussed declaratory relief in a Report & Recommendation as follows:

> "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v.*

---

[4] The Plaintiff argues that the intra-corporate conspiracy doctrine does not apply because Sandra J. Senn and Senn Legal LLC are parties to the conspiracy even though they are not sued for it in the Complaint. This court does not address this argument because it finds that further factual development is necessary to determine if the "unauthorized acts" exception to the intra-corporate conspiracy doctrine applies.

[5] 42 U.S.C. § 1986 is only actionable when acts under 42 U.S.C. § 1985 are alleged. In the case at bar, there are no allegations under 42 U.S.C. § 1985.

> *McCuskey,* 72 F. App'x 475, 477 (7th Cir.2003) (citing *Bontkowski v. Smith,* 305 F.3d 757, 761 (7th Cir.2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2751 (3d ed.1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Stokes v. Moorman,* C/A No. 9:10–1711–CMC–BM, 2010 WL 3862568 (D.S.C. August 17, 2010) (quoting *Johnson v. McCuskey,* 72 F. App'x at 478). Plaintiff is not entitled to the declaratory relief that he seeks because he does not ask the Court to define the parties' rights in the future, he seeks a declaration from the Court that the Defendants have already violated his rights. *See Abebe v. Richland County,* C/A No. 2:09–02469–MBS–RSC, 2009 U.S. Dist. LEXIS 127408 at *11–12 (D.S.C. Oct.8, 2009) (plaintiff's request for declaratory judgment "misses the mark" when he asks the court for declarations that the acts and omissions described in the complaint have violated his rights under the constitution). *See also Wise v. United States,* C/A No. 6:09–1376–HFF–WMC, 2009 U.S. Dist. LEXIS 87504 at *10 (D.S.C. June 24, 2009) ("Plaintiff's request in his amended complaint for a declaratory judgment is nothing more than a request to establish the liability of the defendants on his claims. Plaintiff is not entitled to the 'declaratory' relief that he seeks.").

*Guidetti v. Cty. of Greenville*, No. 6:11-cv-1249-HMH-JDA, 2011 WL 5024287, at *12 (D.S.C. Sept. 12, 2011), *report and recommendation adopted,* No. 6:11-cv-1249-HMH-JDA, 2011 WL 5024277 (D.S.C. Oct. 20, 2011).

In the case at bar, the Plaintiff is seeking a declaration that her rights were violated in the past by the Defendants. This is precisely the type of declaration *Guidetti* deemed to be improper. The Plaintiff did not respond at all to the CCSO Defendant's Motion to Dismiss her declaratory relief claims. (*See Dkt. No. 47.*) This court recommends the Plaintiff's eighth cause of action seeking declaratory relief be dismissed with prejudice.

### **Eleventh Cause of Action: Defamation**

The Plaintiff agrees that she does not bring a defamation claim against the CCSO Defendants. (Dkt. No. 47 at 25.) On the face of the Complaint, the eleventh cause of action is brought against "Senn Legal LLC, Sandra J. Senn, and any other Defendant on whose behalf Sandra J. Senn acted under color of state law." (Dkt. No. 1 at ¶¶ 352-360.) Despite the caveat the Plaintiff makes for "any other Defendant," the Complaint only gives sufficient notice to Senn

Legal LLC and Sandra J Senn that a claim is being brought against them.[6] The other Defendants cannot be expected to speculate whether or not a defamation claim is being brought against them. Therefore, this court recommends that the CCSO Defendants motion to dismiss be granted without prejudice as to a claim for defamation.

## Conclusion

Based on the foregoing, this court RECOMMENDS that the CCSO Defendants' Motion to Dismiss (Dkt. No. 46) be GRANTED WITHOUT PREJUDICE as to all claims against Defendant Sanders and as to her defamation claim against the CCSO Defendants.  This court RECOMMENDS that the CCSO Defendants' Motion to Dismiss (Dkt. No. 46) be GRANTED WITH PREJUDICE as to her first cause of action for injunctive relief and her eighth cause of action for declaratory judgment. This court that the CCSO Defendants' Motion to Dismiss (Dkt. No. 46) be DENIED as to her second cause of action for conspiracy under 42 U.S.C. § 1983.

IT IS SO RECOMMENDED.

January 9, 2017

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[6] The undersigned has already recommended that the district court hold that the Complaint fails to allege a defamation claim against the Senn Defendants. (Dkt. No. 57.) The recommendation of dismissing this claim without prejudice as to the CCSO Defendants is out of an abundance of caution because this court recommended dismissing the defamation claim against the Senn Defendants without prejudice.

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).