# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jane Doe 202a, ) | C/A No. 2:16-cv-00530-RMG-MGB |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | Report & Recommendation |
| ) | |
| Al Cannon, Sheriff of Charleston County, ) | |
| individually and in his official capacity, et al. ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

The Plaintiff, through counsel, brings this action for violations of her constitutional rights and under state law against Al Cannon, Sheriff of Charleston County; several deputy sheriffs and employees of the sheriff; and Sandra J. Senn and Senn Legal, LLC. Before the court is the Plaintiff's Motion for Partial Summary Judgment as to Liability Against Defendants Farmer, Dyer, and Fickett for Three Events filed on June 8, 2016. (Dkt. No. 29; *see also* Dkt. No. 30.) The Defendants filed a Response in Opposition on July 18, 2016. (Dkt. No. 44.) The Plaintiff replied on July 28, 2016. (Dkt. No. 45.) All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This court recommends that the Plaintiff's Motion for Partial Summary Judgment as to Liability Against Defendant Farmer, Dyer, and Fickett for Three Events (Dkt. No. 29) be denied.

## Relevant Alleged Facts

The Plaintiff alleges that in March of 2014 she was wrongfully arrested in her home for assaulting a police officer in violation of a North Charleston City Ordinance. (Dkt. No. 1 ¶20.) The Plaintiff was then booked into the Charleston County Detention Center ("the jail") under the

custody of the Sheriff as a result of her arrest. (*Id.* ¶¶ 21, 25.) After the Plaintiff was booked into the jail, the arresting officer reduced the charge against her to simple assault, which she alleges was still false. (*Id.* ¶ 25.)  The Plaintiff alleges that the Sheriff's policy and practice at the jail is to retaliate against individuals charged with assaulting a police officer or who ask to speak to a lawyer. (*Id.* ¶¶ 26, 30.)

The Plaintiff was kept in the jail for a total of 17 hours and 15 minutes. (Dkt. No. 1 ¶ 32.) During that time, the Plaintiff alleged that many of her constitutional rights were violated by the Defendant jail staff, under the supervision of the Sheriff.  The Plaintiff alleges that the jail staff worked in a conspiracy to deny the Plaintiff her constitutional rights. The Plaintiff alleges that she was denied access to a lawyer and was not allowed to contact anyone to inform them she was in jail. (*Id.* ¶ 34.)  She alleges that her constitutional rights were violated when various jail Defendants: (1) improperly demanded to strip search her (*Id.* ¶ 41); (2) refused to tell her why she was arrested and then told her a false reason (*Id.* ¶ 50, 52); (3) assaulted her and then hid evidence of the assault (*Id.* ¶ 59); (4) mischaracterized her conduct following the assault (*Id.* ¶ 136); (5) falsely claimed she was intoxicated (*Id.* ¶ 169); (6) placed her in a restraint chair (*Id.* ¶ 171); (7) sexually degraded her by putting her on display (*Id.* ¶ 183); (8) improperly tased her (*Id.* ¶ 188); (9) improperly strip searched her (*Id.* ¶ 208); and (10) intentionally gave her a man's jail uniform to degrade her (*Id.* ¶ 210).

A total of ten videos have been submitted to the court as part of the record for *in camera* review.  The videos are a combination of surveillance cameras and body cameras showing portions of the alleged activity in the jail.  The footage includes various Defendants' interactions with the Plaintiff including when she was tased. (Dkt. No. 30.)

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## Analysis

The Plaintiff moves for this court to grant summary judgment on liability as to three events:

(a) against Defendant Fickett for excessive force, based on her Taser use against the Plaintiff while the plaintiff was already entirely restrained other than her right arm,

(b) against Deputies Farmer, Dyer, and Fickett for each of (a) their refusal to permit the Plaintiff her Constitutional right of access to counsel, as required by Detention Center policy and (b) their admitted punishment of the Plaintiff

> based on her request to have access to counsel consistent with Detention Center policy, and
>
> (c) against Defendant Fickett for excessive force for strangling the Plaintiff without provocation or necessity.

(Dkt. No. 29.)

### 1. Excessive Force Claims Against Defendant Fickett

The Plaintiff argues that Defendant Fickett utilized excessive force against her in violation of her constitutional rights. In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

"[C]laims of post-arrest excessive force against an arrestee or pre-trial detainee…are governed by the Due Process Clause of the Fourteenth Amendment, which prohibits before conviction the use of excessive force that amounts to punishment." *Sawyer v. Asbury*, 537 F. App'x 283, 290 (4th Cir. 2013) (quotation omitted). To prevail on a Fourteenth Amendment excessive force claim, a "pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, --- U.S. ----, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015). "In determining whether the force was objectively unreasonable, a court considers the evidence 'from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight.'" *Duff*

4

*v. Potter*, --- Fed.Appx. ----, No. 16-6783, 2016 WL 6518876, at *2 (4th Cir. Nov. 3, 2016) (quoting *Kingsley*, 135 S. Ct. at 2473). Courts may consider factors such as the following when determining if force was reasonable:

1. the relationship between the need for the use of force and the amount of force used;
2. the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force;
3. the severity of the security problem at issue;
4. the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* (citing *Kingsley*, 135 S.Ct. at 2473). "Because the standard is an objective one, the court is not concerned with the officers' motivation or intent." *Id.* (citation omitted). Whether the force was objectively reasonable must be viewed in "full context," because segmenting the events in analysis "misses the forest for the trees." *Id.* (quoting *Smith v. Ray*, 781 F.3d 95, 101 (4th Cir. 2015)).

      a.  **The Taser**

In viewing the facts in the light most favorable to Defendant Fickett, a genuine issue of material fact exists as to whether her taser use while the Plaintiff was partially restrained was excessive force. Video 4 was recorded on Defendant Fickett's body camera. It starts at 23:25, presumably 11:25 p.m. (Dkt. No. 59.) Throughout the video, the Plaintiff is noncompliant with directives of the jail staff and verbally combative. At 23:26:35, Defendant Fickett asked the Plaintiff to stand up. The Plaintiff responded, "No. F*ck You." Defendant Fickett then asked to Plaintiff to sit in a wheelchair. The Plaintiff responded by saying "Get the F*ck outta here. Bull sh*t. I need my attorney." Defendant Fickett then places the Plaintiff in the chair. The Plaintiff's general attitude and colorful language continue throughout the video including calling

Defendant Fickett a "f*cking _____, you f*cking sh*thead" at 23:27:45 and a "little f*cking ____" at 23:39:10. The Plaintiff is repeatedly told that she can make a phone call and be released from the restraint chair if she will be compliant at 23:33:10 and 23:40:04.[1] (Dkt. No. 59.)

Video 8 is the body camera of Deputy Walters. (Dkt. No. 59.)   The video shows the Plaintiff being tased by Defendant Fickett and captures audio of the incident.  The video starts at 01:30:11.  The Plaintiff is in a restraint chair and is being allowed to stretch her arms one at a time.  She is tased at 01:35:04. Prior to the use of the taser, she is directed by Deputy Walters to place her right arm back into the restraint five (5) times. She does not comply.  Deputy Walters then warns the Plaintiff that Defendant Fickett will use force against the Plaintiff if she does not put her arm back in the restraint.  The Plaintiff responds "You're going to use force?" at 01:34:55. Both Walters and Fickett respond "yes."  The Plaintiff then states "Alright. Cool.  This is going to be good." At 01:35:02 Defendant Fickett places the taser on the Plaintiff's restrained arm and again tells the Plaintiff to put her other arm in the restraint.  The Plaintiff responds, "I want you to use force."  She is then tased and quickly complies by placing her arm back in the restraint.  Defendant Fickett immediately stops the taser when the Plaintiff complies at 01:35:06.

Viewing Defendant Fickett's use of the taser in the light most favorable to her and in the full context of what happened, there is a genuine issue of material fact as to whether Deputy Fickett violated the Plaintiff's Fourteenth Amendment rights.  The Plaintiff had several instances of being non-compliant and was verbally abusive throughout the recorded events.  Prior to being tased she was repeatedly directed to place her free arm into the restraint and told that she will be tased if she does not comply.  The Plaintiff's response was to actually request that force be used.

---

[1] The Plaintiff's argument that her non-compliance was based on being denied her right to counsel and use of a telephone is inapposite. As discussed *infra*, when viewing the facts in the light most favorable to the Defendants, the Plaintiff did not have a right to counsel or a right to use a telephone at the time she was tased and allegedly choked.

6

There is no evidence that the Plaintiff received any injury from the force. Defendant Fickett immediately stopped using the force once the Plaintiff was compliant. A reasonable jury could find for Defendant Fickett.

### b. The Alleged Choking

The Plaintiff alleges that she was choked by Defendant Fickett. This court finds that a genuine issue of material facts exists as to whether or not Defendant Fickett choked the Plaintiff. The Plaintiff alleges that the choking is captured on video 1, which is a surveillance camera of the Plaintiff in a holding cell. (Dkt. No. 59.) The Plaintiff alleges that the strangulation begins at 23:20:08. (Dkt. No. 30 at 4.) The court has reviewed the video. At the time of the alleged strangulation, the view of the Plaintiff is almost entirely obstructed on the video because she is blocked by a curtain and by Defendant Fickett's body. Defendant Fickett's left hand never leaves her side and remains visible on the video. Defendant Fickett's right hand cannot be seen. The video does not show the Plaintiff being choked. Whether or not Defendant Fickett choked the Plaintiff is a factual dispute. The video is not determinative for either party. Therefore summary judgment is inappropriate.

### 2. Defendants Farmer, Dyer & Fickett's Refusal of Counsel and Retaliation

The Plaintiff argues that Defendants Farmer, Dyer, and Fickett violated her Sixth Amendment right to counsel for the criminal charge made against her and her "First Amendment right to communicate with family and friends." (Dkt. No. 30 at 13-15.) The Sixth Amendment right to counsel attaches upon the initiation of adversarial judicial proceedings. *Kirby v. Illinois*, 406 U.S. 682, 688 (1972); *U.S. v. Williamson*, 706 F.3d 405, 416 (4th Cir.2013). "It is well established that the Sixth Amendment right to counsel 'does not attach until a prosecution is

commenced' against a defendant." *United States v. Ayala*, 601 F.3d 256, 272 (4th Cir. 2010) (quoting *McNeil v. Wisconsin,* 501 U.S. 171, 175 (1991)). "Commencement refers to 'the initiation of adversary judicial criminal proceedings-whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" *Ayala*, 601 F.3d at 272 (quoting *United States v. Gouveia,* 467 U.S. 180, 188 (1984)).

In viewing the facts in the light most favorable to the Defendants, the Plaintiff did not have a Sixth Amendment right to counsel while at the jail overnight. In the case at bar, the Plaintiff's right to counsel had not attached because there are no allegations that she was denied counsel after the initiation of judicial proceedings.  The Plaintiff did not have a Sixth Amendment right to counsel during the booking process at the jail or any other time before the commencement of adversarial judicial criminal proceedings. *See Ayala*, 601 F.3d at 272; *U.S. v. Eligwe*, 456 F. App'x 196, 197–98, n. 2 (4th Cir. 2011); *see also Strandberg v. City of Helena,* 791 F.2d 744, 747 (9th Cir. 1986) (holding that the Plaintiff did not have a Sixth Amendment right to counsel during the booking process and therefore did not have a Sixth Amendment right to call an attorney); *United States v. Godinez*, 114 F.3d 583, 589 (6th Cir. 1997) (holding that routine questioning during the booking process at the jail did not violate the Plaintiff's Fifth or Sixth Amendment rights to counsel); *Mott v. City of McCall, Idaho*, No. 06-cv-0963-SRHW, 2007 WL 1430764, at *7 (D. Idaho May 14, 2007) (holding that the Plaintiff did not have a Sixth Amendment right to counsel during the booking process at the jail); *Lee v. Severin*, No. 85 C 3753, 1985 WL 3009, at *2 (N.D. Ill. Oct. 4, 1985) (dismissing plaintiff's § 1983 claims for violation of the Sixth Amendment because there was no right to counsel during the booking process at a jail).  All of the alleged conduct occurred after her arrest and before she was brought before any court.  There is no allegation that she was denied counsel after formal charges, a

preliminary hearing, indictment, information, or arraignment. A reasonable jury could conclude that the Plaintiff's Sixth Amendment rights were not violated.

As to the Plaintiff's claim she was not allowed to use a telephone, the Plaintiff has not cited any authority that supports a constitutional right to use a telephone on demand.  To the contrary, courts have held that individuals do not have an unlimited right to use a telephone.  See *Jones v. Ancrum*, No. 0:06-2432-MBS-BM, 2007 WL 2891430, at *9 (D.S.C. Sept. 27, 2007) (citing *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir.1992) ["Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use"], citing *Bounds v. Smith*, 430 U.S. 817, 823, 832 (1977); *Benzel v. Grammar*, 869 F.2d 1105, 1108 (8th Cir.1989) [prisoner has no right to unlimited telephone usage]; *United States v. Footman*, 215 F.3d 145, 155 (1st Cir.2000) ["Prisoners have no per se constitutional right to use a telephone ..."]; *see also Fillmore v. Ordonez*, 829 F.Supp. 1544, 1563-1564 (D.Ka.1993) ["The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions"], *aff'd*, 17 F.3d 1436 (10th Cir.1994)).

The Plaintiff stridently argues that the Defendants' conduct breached various jail policies. However, it has long been established that a defendant's breach of institutional policy, in itself, does not amount to a constitutional violation. *See United States v. Caceres*, 440 U.S. 741 (1978); *see also Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir.1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); *Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C.1992) (violations of prison policies which fail to reach the level of a constitutional

9

violation are not actionable under § 1983). A reasonable jury could find that the Defendants did not violate the Plaintiff's First Amendment rights.

### 3. The Plaintiff's Motion is Premature

In the alternative, this court recommends that the Plaintiff's Motions be denied because it is premature. "Generally speaking, 'summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, (1986)). "At the same time, the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Id.* (quoting *Evans v. Technologies Applications & Service Co.,* 80 F.3d 954, 961 (4th Cir.1996)). The proper course for a party who wishes to have further discovery before the court hears a summary judgment motion is to file an affidavit under Rule 56(d) of the Federal Rules of Civil Procedure. *Id.* However, the Fourth Circuit has "not insisted on an affidavit in technical accordance with Rule 56(d) if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary." *Putney v. Likin*, 656 F. App'x 632, 638 (4th Cir. 2016) (quotation omitted). "Specifically, if the nonmoving party's objections before the district court served as the functional equivalent of an affidavit, and if the nonmoving party was not lax in pursuing discovery," then a court may consider whether a motion for summary judgment is premature. *Harrods Ltd.*, 302 F.3d at 244–45.

When considering whether a motion for summary judgment is filed prematurely, the non-moving party's good faith assertion that discovery is necessary must be "broadly favored and

should be liberally granted in order to protect non-moving parties from premature summary judgment motions." *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 484 (4th Cir. 2014) (quotation omitted).

The Defendants did not file a Rule 56(d) affidavit; however this court finds that their assertion in the Defendants' Response in Opposition is sufficient. The Defendants correctly assert that discovery has not begun in this case as no scheduling order has been issued. *See* Fed. R. Civ. P. 26(d)(1). The Plaintiff filed her Motion for Summary Judgment on June 8, 2016, eight (8) days after the Defendants against whom summary judgment is sought filed their Answer. Additionally, a Motion to Dismiss (Dkt. No. 8) and a Motion for Judgment on the Pleadings (Dkt. No. 46) are currently pending in this case. In this court's Report & Recommendations in those two motions, the undersigned has recommended allowing the Plaintiff leave to amend the complaint, which is further reason that summary judgment is premature.

The Plaintiff argues that the motion is properly before the court and that the Defendant did not sufficiently identify what evidence they need through discovery. (Dkt. No. 45.) The Defendants' Response in Opposition does substantively respond to the Plaintiff's Motion after arguing that the motion is premature. (Dkt. No. 45 at 5-22.) The court also notes that the Defendants have filed a Motion for Partial Summary Judgment. (Dkt. No. 52.)

## Conclusion

Wherefore, it is **RECOMMENDED** that Plaintiff's Motion for Partial Summary Judgment as to Liability Against Defendants Farmer, Dyer, and Fickett for Three Events filed on June 8, 2016. (Dkt. No. 29; *see also* Dkt. No. 30) be **DENIED** because genuine issues of material fact exist as to all of the claims contained in the Plaintiff's Motion, or in the alternative, be **DENIED** because the motion is premature.

IT IS SO RECOMMENDED.

January 10, 2016

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).