RECEIVED
USDC CLERK. CHARLESTON. SC

2017 FEB 14  PM 1: 37

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Jane Doe 202a, | ) | Case No 2:16-cv-00530-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| Al Cannon, Sheriff of Charleston County, | ) | |
| individually and in his official capacity, | ) | |
| et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.    Background

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 57) recommending that the Court grant Defendants Sandra J. Senn and Senn Legal, LLC's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 8.) Plaintiff filed amended objections to the R. & R. on January 23, 2017, and Defendants Sandra J. Senn and Senn Legal, LLC (the "Senn Defendants") filed a reply. (Dkt. Nos. 67, 71.) This Court adopts the R. & R. as the order of the Court and grants Defendants Sandra J. Senn and Senn Legal, LLC's motion to dismiss. (Dkt. No. 8.)

Plaintiff has brought a related case against the Senn Defendants and others (*Jane Doe 202a v. Leigh Anne McGowan*, et al., 2:16-cv-00777-RMG-MGB). Plaintiff concedes that the defamation claims brought against the Senn Defendants here are the same as the defamation claims in that suit. Plaintiff filed the same set of objections to the Senn Defendants' motion to dismiss in that parallel case.

## II.    Facts

The Court adopts the facts as outlined in the R. & R. (Dkt. No. 57 at 2-5.)

## III.    Legal Standard

On a motion to dismiss under Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)).

## IV.    Discussion

### a.    Defamation Claims

As outlined in the R. & R., Plaintiff has failed to state a claim against the Senn Defendants for defamation because her Complaint does not state with specificity the time, place, medium, and listener of the alleged defamatory statements. *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, No. 97-2397, 1999 WL 89125, 172 F.3d 862 (Table) (4th Cir. 1999) (citing *Caudle v. Thomason*, 942 F.Supp. 635, 638 (D.D.C.1996) ("in order to plead defamation, a plaintiff should allege specific defamatory comments [including] 'the time, place, content, speaker, and listener of the alleged defamatory matter.'") The Court will dismiss the defamation claims without prejudice; Plaintiff may file a motion to amend her complaint with a proposed

amended complaint within ten days of this Order. Plaintiff should consider whether the absolute privilege for statements related to judicial proceedings would render any proposed amendment futile.

i. Plaintiff's Objections to the Magistrate's Recommendation

This Court reviews *de novo* any part of the R. & R. to which there has been proper objection. Fed. R. Civ. P. 72(b)(2). Plaintiff claims that the "weakness of the report and recommendation is that [it] requires the Plaintiff to allege detail of Senn's representative acts which the Plaintiff cannot know beyond what is already alleged [and] fails to distinguish between Senn ability [sic] to have representative capacity, as compared to the inability of Senn Legal, LLC, to have any representative capacity." (Dkt. No. 67 at 2-3). If Plaintiff properly states a claim for defamation in an amended Complaint, this Court will then consider whether any privilege applies to the Senn Defendants, individually or collectively. Plaintiff has thus far failed to state a claim for *any* tort against either of the Senn Defendants acting in *any* capacity.

Plaintiff apparently intends to argue that "To the extent any of Senn's tortious acts was taken on behalf of clients who are *not defendants in this case*, her acts would be on behalf of Senn Legal, LLC but no representative capacity would apply to *this* case. Nor would any privilege issues apply in *this* case." (*Id.* at 5.) The Court encourages Plaintiff to closely review all available legal authorities before pursuing the argument that Sandra J. Senn may not be protected by the absolute privilege for statements made while she was representing other clients who are not defendants in this case. *See* Restatement (Second) of Torts § 586 (1977) ("An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as

a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.")

       b.  42 U.S.C. § 1983 Claim

Plaintiff has failed to state a claim against the Senn Defendants under 42 U.S.C. § 1983 because she not sufficiently alleged that she was deprived of a constitutional right by a person acting under color of state law. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). A private attorney representing state actors does not act under color of state law for § 1983 purposes. *Jenkins v. McDonald Patrick Poston Hemphill & Roper LLC, et al.,* No. 5:14-cv-04498-RMG-KDW at *3 (D.S.C. Feb. 5, 2015) *Rep't & Recommendation adopted*, No. 5:14-cv-04498-RMG-KDW at *3 (D.S.C. Mar. 3, 2015) (citing *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005)).

       i.  Plaintiff's Objections to the Magistrate's Recommendation

Plaintiff has objected to the R. & R. insofar as it determined that Defendant Senn was not a state actor or acting under color of state law. Plaintiff has alleged only that Defendants Farmer, Dyer Walters, McLauchlan, and Calvert are liable under § 1983, and that, to the extent those defendants are not liable, Sandra J. Senn is "alternatively" liable if she "acted in a representative capacity for one or more other Defendants under color of state law." (Dkt. No. 1 at ¶¶ 305-310.) Plaintiff acknowledges that she has made no § 1983 claims against Defendant Senn in her individual capacity. (Dkt. No. 67 at 6.)    Plaintiff argues that if this litigation reveals that Defendant Senn played a role in destroying evidence, she may have done so "in a representative capacity for state actors" so her actions "will bear on the Second Cause of Action as part of the conspiracy allegations." (*Id.*)

To the extent Plaintiff is asking the Court to keep the Senn Defendants in this lawsuit on a conspiracy theory (and Plaintiff has provided no legal support for any other theory[1]), she has failed to meet her pleading burden to do so. Plaintiff can bring a private attorney into a civil rights law suit on a conspiracy theory, *Tower v. Glover*, 467 U.S. 914, 919–20 (1984), but Plaintiff must allege that the private attorney was "a willful participant in joint action with the state or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (allegation that private persons conspired with judge in judicial bribery scheme sufficient for § 1983 purposes). Plaintiff also must "assert facts from which this Court could infer a conspiratorial agreement." *Wiggins v. 11 Kew Garden Court*, 497 F. App'x 262, 264 (4th Cir. 2012). A bare assertion of conspiracy is insufficient. *Id.* Plaintiff has not alleged facts sufficient to indicate that either Senn Defendant had an agreement with other defendants (who were acting under the color of state law) to deprive Plaintiff of her rights. Plaintiff's allegation at ¶ 256 of the Complaint that the Senn Defendants allowed Defendant McGowan to falsely testify that she had not been deposed before when they had deposed her in a previous case does not indicate to the Court that the Senn Defendants conspired with Defendant McGowan to deprive Plaintiff of her constitutional rights in this case. (Dkt. No. 1.)

    c.  Conspiracy Claims

Plaintiff complains that it is not clear whether the Magistrate's R. & R. was intended to affect claims against the Senn Defendants in the Second cause of action (Conspiracy) in addition to the Fifth cause of action (the § 1983 claims discussed above). (Dkt. No. 67 at 6.) Plaintiff insists now, in her objections to the R. & R., that she intended for the Second Cause of action in her Complaint to allege conspiracy claims against the Senn Defendants. It is not obvious to this

---

[1] Plaintiff cites only to *Banks v. M.U.S.C.*, 444 S.E.2d 519, 521 (S.C. 1994) in her objections here. *Banks* provides no support for Plaintiff's position.

Court that the Second cause of action in the Complaint contained conspiracy claims against either Senn Defendant, but, for the reasons discussed above, Plaintiff has failed to allege facts sufficient to state a conspiracy claim against either of the Senn Defendants.

> d. Spoliation

Plaintiff has clarified in her objections to the R. & R. that she is not seeking any recovery for spoliation claims. (Dkt. No. 67 at 7-8.) This Court need not consider at this time whether a future spoliation instruction may be proper.

**V.    Conclusion**

For the reasons above, the Court **GRANTS** the Senn Defendants' motion to dismiss. Plaintiff's defamation claims against the Senn Defendants are dismissed **WITHOUT PREJUDICE**. If Plaintiff wishes to amend the Complaint to cure deficiencies in these pleadings, she must do so **WITHIN 10 DAYS**.

Plaintiff's 42 U.S.C. 1983 and conspiracy claims against the Senn Defendants are dismissed **WITH PREJUDICE**. This Order has no effect on any claims in the parallel action (*Jane Doe 202a v. Leigh Anne McGowan*, 2:16-cv-00777-RMG-MGB).

> **AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 14, 2017
Charleston, South Carolina