IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jane Doe 202a, | ) | Case No 2:16-cv-00530-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| Al Cannon, Sheriff of Charleston County, | ) | |
| individually and in his official capacity, | ) | |
| et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## I. Background

Plaintiff, through counsel, brought this action for violations of her constitutional rights and under state law against Al Cannon, Sheriff of Charleston County; several deputy sheriffs and employees of the sheriff; and Sandra J. Senn and Senn Legal, LLC (the "Senn Defendants"[1]).

Defendants Sheriff Al Cannon ("Sheriff"), Kathryn Farmer ("Farmer"), Thomasina Dyer ("Dyer"), Andrew T. Grant ("Grant"), Lindsay Fickett ("Fickett"), Brandon Calvert ("Calvert"), Elijah Sanders ("Sanders"), Patrice Washington ("Washington"), Tracey Matthewes ("Matthewes"), Steven Durbin ("Durbin"), Bernard Keyes ("Keyes"), Michael Tice ("Tice"), Willis L. Beatty ("Beatty"), Christopher McLauchlan ("McLauchlan"), and Michael A. Walters ("Walters") (collectively, the "CCSO Defendants") have filed a motion to dismiss under Rule 12 (b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 46.) This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge recommending that the Court grant in part and deny in part the CCSO Defendants' motion to dismiss. (Dkt. No. 58.)

---

[1] Plaintiff has brought a related case against the Senn Defendants and others (*Jane Doe 202a v. Leigh Anne McGowan*, et al., 2:16-cv-00777-RMG-MGB).

Plaintiff filed objections to the R. & R. on January 23, 2017, and the CCSO Defendants filed a reply. (Dkt. Nos. 68, 72.) This Court partially adopts the R. & R. as the order of the Court, granting in part and denying in part the CCSO Defendants' motion to dismiss. (Dkt. No. 46.)

The Court **ADOPTS** the R. & R. with regard to (1) all of Plaintiff's claims against Defendant Sanders; (2) Plaintiff's conspiracy claims against the CCSO Defendants in the Second cause of action under 42 U.S.C. § 1983; and (3) Plaintiff's defamation claims against the CCSO Defendants in the Eleventh cause of action.

The Court **DOES NOT ADOPT** the R. & R. with regard to (1) Plaintiff's claims for permanent injunctive relief against the CCSO Defendants in the First cause of action under 42 U.S.C. §§ 1981 & 1983, and (2) Plaintiff's claims for post-verdict declaratory relief against the CCSO Defendants in the Eighth cause of action under 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C §§ 1983 and 1986.

## II. Facts

The Court adopts the facts as outlined in the R. & R. (Dkt. No. 58 at 2-4.)

## III. Legal Standard

On a motion to dismiss under Rule 12(b)(6)[2], a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[2] The court construes the CCSO Defendants' Motion to Dismiss as a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure which is filed *after* the Answer, while a motion to dismiss is filed before or contemporaneously to the Answer. "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999)).

570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)).

### IV. Discussion

#### a. Claims Against Defendant Sanders

The Complaint does not name Defendant Sanders as a defendant in any cause of action or otherwise seek any relief against Defendant Sanders. For these reasons, and with Plaintiff's consent as articulated in her objections to the R. & R. (Dkt. No. 68 at 2), all claims against Defendant Sanders are dismissed without prejudice.

#### b. First Cause of Action: 42 U.S.C. §§ 1981 & 1983 Claims for Injunctive Relief

As adequately explained in the R. & R., any claim for preliminary injunctive relief is moot because it is undisputed that Plaintiff has been released from jail. (Dkt. No. 58 at 7-8.) Plaintiff has objected to the Magistrate's recommendation, arguing that she has not made any request for preliminary relief but rather seeks post-verdict permanent injunctive relief. (Dkt. No. 68 at 2.) This Court reviews *de novo* any part of the R. & R. to which there has been proper objection. Fed. R. Civ. P. 72(b)(2). 42 U.S.C. § 1983 Claim. Plaintiff has represented that she is not seeking preliminary injunctive relief, and this Court need not consider at this time whether post-verdict permanent injunctive relief may be appropriate. For this reason, the CCSO

Defendants' motion to dismiss is denied as to Plaintiff's claims for post-verdict injunctive relief under 42 U.S.C. §§ 1981 & 1983.

### c. Second Cause of Action: Conspiracy under 42 U.S.C. § 1983

The CCSO Defendants have argued that Plaintiff's conspiracy claims should be dismissed under the intra-corporate conspiracy doctrine which says that a corporation cannot conspire with itself. The Fourth Circuit has recognized two exceptions to the intra-corporate conspiracy doctrine. *Buschi v. Kirven*, 775 F.2d 1240, 1252-53 (4th Cir. 1985) (quoting *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir.1952), *cert. denied*, 345 U.S. 925 (1953)). The first exception is "when the officer has an independent personal stake in achieving the corporation's illegal objective." *Id.* at 1252 (citation and internal quotation omitted). The second exception is when an agent commits an "*unauthorized* act." *Id.* at 1253 (citation and internal quotation omitted) (emphasis in original).

Plaintiff has not made any concrete allegations that one of the Defendants acted in accordance with his independent personal stake, so the first exception is not applicable here. The second exception to the doctrine may apply because the Complaint alternatively alleges that the CCSO Defendants' actions were consistent with and contrary to the Sheriff's policy. Because it is not clear from the record whether the CCSO Defendants acted within the scope of their authority, there is a genuine issue of material fact regarding whether the second exception to the doctrine of intra-corporate conspiracy applies. For this reason, the CCSO Defendants' motion to dismiss is denied as to Plaintiff's conspiracy claims under 42 U.S.C. § 1983.

### d. Eighth Cause of Action: Declaratory Relief

The Magistrate has recommended that this Court dismiss Plaintiff's Eighth cause of action for declaratory relief because Plaintiff improperly seeks declaration that the CCSO

Defendants violated her rights at some time in the past. (Dkt. No. 58 at 11-12.) In the same vein as her objection to the Magistrate's recommendation about Plaintiff's claims for injunctive relief, Plaintiff argues that she is not seeking a declaration that Defendants violated her rights in the past but may seek declaratory relief post-verdict. This Court need not determine at this time whether post-verdict declaratory relief may be appropriate. For this reason, the CCSO Defendants' motion to dismiss is denied as to Plaintiff's claim for post-verdict declaratory relief.

### e. Eleventh Cause of Action: Defamation

Plaintiff concedes that the complaint does not presently contain any defamation claims against the CCSO defendants. (Dkt. No. 68 at 5.) Plaintiff has been given the opportunity (in a separate order) to amend her Complaint to cure pleading deficiencies in her defamation claims against the Senn Defendants. Plaintiff may take that opportunity to cure deficiencies in her defamation claims against the CCSO defendants as well. For this reason, Plaintiff's defamation claims against the CCSO Defendants are dismissed without prejudice.

Plaintiff persistently argues that this Court should forgive her deficient defamation pleadings because discovery could reveal that the Senn Defendants (a private attorney and that attorney's law firm) may have been acting in some as yet undisclosed representative (or non-representative) capacity that would render the Senn Defendants and others liable for defamation. Plaintiff bears the burden of stating a viable claim for defamation in her amended complaint. The Court is not convinced at this time that it will need any information in addition to a well-pleaded defamation claim to determine whether a defamation privilege applies to the Senn Defendants. This Court will not allow either party to use discovery as a fishing expedition. If Plaintiff continues to urge this Court to allow discovery on the issue of the Senn Defendants' capacities, the Court expects Plaintiff's counsel to present a clear argument with legal support.

## V. Conclusion

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** the CCSO Defendants' motion to dismiss.

The motion to dismiss is **GRANTED** with regard to the following claims which are **DISMISSED WITHOUT PREJUDICE**: (1) all claims against Defendant Sanders and (2) Plaintiff's defamation claims against the CCSO Defendants in the Eleventh cause of action.

The motion to dismiss is **DENIED** with regard to (1) Plaintiff's claims for post-verdict injunctive relief against the CCSO Defendants in the First cause of action under for 42 U.S.C. §§ 1981 & 1983; (2) Plaintiff's conspiracy claims against the CCSO Defendants in the Second cause of action under 42 U.S.C. § 1983; (3) Plaintiff's claims for post-verdict declaratory relief[3] against the CCSO Defendants in the Eighth cause of action. This Order has no effect on any claims in the parallel action (*Jane Doe 202a v. Leigh Anne McGowan*, 2:16-cv-00777-RMG-MGB).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 15, 2017
Charleston, South Carolina

---

[3] 42 U.S.C. § 1986 is only actionable when acts under 42 U.S.C. § 1985 are alleged. Plaintiff has not made any allegations under 42 U.S.C. § 1985, so the **declaratory relief claims proceed only under 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C § 1983.**