# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Jane Doe 202a, | ) | Case No 2:16-cv-00530-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Al Cannon, Sheriff of Charleston County, individually and in his official capacity, et al., | ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## I. Background

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 115) recommending that the Court grant in part, deny in part, and find moot in part the Charleston County Sheriff's Office Defendants'[1] (the "CCSO Defendants") Motion for Partial Judgment on the Pleadings. (Dkt. No. 103.) Plaintiff filed objections to the R. & R. on November 20, 2017, and the CCSO Defendants filed a reply on December 4, 2017. (Dkt. Nos. 117, 119.) For the reasons set forth below, the Court adopts the R. & R. as the order of the Court. The CCSO Defendants' Motion for Partial Judgment on the Pleadings is GRANTED as to Plaintiff's fourth, seventh, and ninth causes of action, DENIED as to Plaintiff's eighth cause of action, and found MOOT as to Plaintiff's twelfth cause of action.

## II. Facts

The Court adopts the relevant facts as outlined in the R. & R. (Dkt. No. 115 at 1-4.)

---

[1] These Defendants are Sheriff Al Cannon, Kathryn Farmer, Thomasina Dyer, Andrew T. Grant, Lindsay Fickett, Brandon Calvert, Patrice Washington, Tracey Mathewes, Steven Durbin, Bernard Keyes, Michael Tice, Willis L. Beatty, Christopher McLauchlan, and Michael A. Walters (collectively, the "CCSO Defendants").

### III. Legal Standard

#### A. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections to the Report and Recommendation, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

#### B. Motion for Judgment on the Pleadings

A Rule 12(c) motion for judgment on the pleadings is assessed by "applying the same standard . . . as motions made pursuant to Rule 12(b)(6)." *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent

with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV. Discussion

The CCSO Defendants have moved for judgment on the pleadings on Plaintiff's fourth, seventh, eighth, ninth, and twelfth causes of action. (Dkt. No. 103.)

### A. Eighth Cause of Action

The CCSO Defendants argue that the Amended Complaint seeks improper retrospective declaratory relief. (Dkt. No. 103.) In her response, the Plaintiff clarified that she seeks only post-verdict declaratory relief under 42 U.S.C § 1983. (Dkt. No. 108.) This Court ruled in a prior order that, because "Plaintiff has represented that she is not seeking preliminary injunctive relief" the Court "need not consider at this time whether post-verdict permanent injunctive relief may be appropriate [under 42 U.S.C. § 1983]." (Dkt. No. 78 at 3-4.) The CCSO Defendants' motion for partial judgment on the pleadings is therefore denied as to Plaintiff's eighth cause of action because Plaintiff seeks only post-verdict permanent injunctive relief.

### B. Twelfth Cause of Action

The Magistrate Judge recommended that the CCSO Defendants' Motion for Partial Judgment on the Pleadings (Dkt. No. 103) be denied as moot with respect to Plaintiff's twelfth cause of action, civil conspiracy, because Plaintiff stated in her response to the motion that her civil conspiracy cause of action is not brought against any CCSO Defendant. (Dkt. No. 108 at 4.) No party has objected to the Magistrate Judge's Recommendation, and Court finds that the Magistrate Judge has correctly applied the controlling law to the facts relevant to this issue. For this reason, the CCSO Defendant's Motion for Partial Judgment on the Pleadings is denied as moot with respect to Plaintiff's twelfth cause of action.

### C. Fourth, Seventh, and Ninth Causes of Action

The Magistrate Judge recommended in the R. & R. that the Court grant the CCSO Defendants' Motion for Partial Judgment on the Pleadings with respect to Plaintiff's fourth, seventh, and ninth causes of action (state law claims for gross negligence and defamation brought against the CCSO Defendants under this Court's pendant jurisdiction) because the Sheriff is immune from suit under the Eleventh Amendment. (Dkt. No. 103 at 5-10.)

Under the Eleventh Amendment, states, as well as "arm[s] of the State and State officials" are protected from suit. *Bland v. Roberts*, 730 F.3d 368, 390 (4th Cir. 2013) (internal quotations omitted). Political subdivisions of the state such as counties or municipalities which are created by the state but operate independently cannot avail themselves of the state's Eleventh Amendment immunity. *See United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 804 F.3d 646, 651 (4th Cir. 2015). Courts in this circuit consider four nonexclusive factors to determine whether an entity is an arm of the state for Eleventh Amendment purposes:

> (1) whether any judgment against the entity as defendant will be paid by the State or whether any recovery by the entity as plaintiff will inure to the benefit of the

> State; (2) the degree of autonomy exercised by the entity, including such circumstances as who appoints the entity's directors or officers, who funds the entity, and whether the State retains a veto over the entity's actions; (3) whether the entity is involved with state concerns as distinct from non-state concerns, including local concerns; and (4) how the entity is treated under state law, such as whether the entity's relationship with the State [is] sufficiently close to make the entity an arm of the State.

*S.C. Dep't of Disabilities & Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 303 (4th Cir. 2008) (internal quotation omitted).

The Magistrate Judge cited extensive precedential support from the Fourth Circuit (Dkt. No. 115 at 7) for the conclusion that Sheriff Cannon is immune from suit under the Eleventh Amendment when sued in his official capacity. *See Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) ("in his capacity as a state official, Sheriff Brown is immune from suit under § 1983 for money damages"). Plaintiff has filed objections to the Magistrate Judge's recommendation as to Sheriff Cannon' Eleventh Amendment immunity. In those objections, Plaintiff concedes that the Magistrate Judge's recommendation "is what has been the traditional conclusion, that the Sheriff be regarded as an 'arm of the state' for purposes of Eleventh Amendment Immunity." (Dkt. No. 117 at 1-2.) Nonetheless, Plaintiff asks the Court to depart from established precedent in the Fourth Circuit to find that Sheriff Cannon is not an arm of the state for purposes of Eleventh Amendment immunity. Plaintiff relies primarily on the Fourth Circuit's decision in *Lawson v. Union County Clerk of Court*, 828 F.3d 239 (4th Cir. 2016). In *Lawson*, the Fourth Circuit applied the *Hoover* factors and determined that the clerk of the county court in Union County, South Carolina was "a county agency that operates locally as an independent subdivision of the state," 828 F.3d at 251, so was not an "arm of the state" entitled to Eleventh Amendment immunity. Although the Fourth Circuit's decision in *Cromer* pre-dates *Hoover*, the Magistrate Judge provided a thorough analysis of the bedrock of case law underlying the factors

the Fourth Circuit considered in *Cromer* and *Lawson* to determine whether an entity is an arm of the state for Eleventh Amendment purposes. The Magistrate Judge concluded, and this Court agrees, that the Fourth Circuit has been using substantially the same factors to determine whether an entity is an arm of the state since its decision in *Ram Ditta By & Through Ram Ditta v. Maryland Nat. Capital Park & Planning Comm'n*, 822 F.2d 456 (4th Cir. 1987). The Magistrate Judge explained that, in *Cromer*, the Fourth Circuit expressly relied on *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995), in stating what factors should be considered, and that the *Gray* Court expressly relied on *Ram Ditta*. Likewise, the Fourth Circuit in *Lawson* expressly relied on the factors from *Hoover*, which relied on the factors set out in *Maryland Stadium Authority v. Ellerbe Becket Inc.*, 407 F.3d 255 (4th Cir. 2005), which, in turn, applied the factors from *Ram Ditta*. (Dkt. No. 115 at 7-10.)

In her objections to the R. & R., Plaintiff does not contest the Magistrate Judge's conclusion that the Fourth Circuit considered substantially the same factors in *Lawson* that it did in *Cromer* to determine whether the entity was an arm of the state for Eleventh Amendment purposes. Plaintiff also does not argue that, since *Cromer*, the relationship between county sheriff's offices and the state has changed. Instead, Plaintiff argues that "*Cromer* should be reconsidered in light of *Lawson*," (Dkt. No. 117 at 2), implicitly claiming that the Fourth Circuit misapplied the applicable factors in *Cromer* and should revisit its decision now. To support her position, Plaintiff claims that the relationship between the clerk of court and the state government in *Lawson* is similar to the relationship between county sheriffs and the state government because (1) both the clerk of court and the sheriff's offices are created by the same sentence in Article V, Section 24 of the South Carolina Constitution; (2) each is funded not by

the state but by the county[2]; and (3) each operates autonomously within his or her county under authority described by statute. (Dkt No. 117 at 3-4.)

Fortunately, this Court need not speculate about how the Fourth Circuit would apply the *Hoover* factors to these aspects of the relationship between county sheriff's offices and the state. The Fourth Circuit applied the same factors in *Cromer* and found that, on balance, they led to the conclusion that county sheriff's offices are dominated by the state. In *Cromer*, the Fourth Circuit acknowledged that the determination of whether a potential judgment will be paid out of the state treasury is largely, if not wholly dispositive. However, because any potential judgment would have been paid by the South Carolina Insurance Reserve Fund (as it would in this case), and the Fourth Circuit was unable to determine from the record in *Cromer* whether the state paid any premiums to the Fund on behalf of the county, the Fourth Circuit based its decision on its consideration of the other three factors and found that the sheriff was an arm of the state for Eleventh Amendment purposes. In reaching its decision in *Cromer*, the Fourth Circuit cited the district court's decision in *Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988), aff'd, 878 F.2d 379 (4th Cir. 1989) (holding that South Carolina sheriffs are state officials for Eleventh Amendment purposes). In *Gullege*, the District Court determined that county sheriff's offices are "dominated" by the state for the following reasons:

> While the state constitution establishes the elective office of county sheriff and his term of office, it also provides that the General Assembly is to prescribe his duties and compensation. S.C. Const. art. V § 24. Accordingly, the General Assembly through numerous statutes has set forth the sheriff's (and his deputies') duties and compensation. *See* South Carolina Code of Laws, 1976, §§ 23–11–10 *et seq.*; § 23–13–10; § 4–9–30(5) and (7). The sheriff's arrest powers relate primarily to state offenses. *Id.* §§ 17–13–30, 23–15–50. Indeed, even the sheriff's territorial jurisdiction, namely, county-wide, is in effect prescribed by the legislature through the statutory designation of county boundary lines. *Id.* §§ 4–3–10 *et seq.* Although the sheriff as an elected official is not subject to hiring and firing

---

[2] Defendants admitted at Dkt. No. 91 at ¶ 6 that the Sheriff's office is funded by Charleston County.

by the state, the legislature has nevertheless prescribed that the Governor is the public official empowered to remove the sheriff from office for misconduct and to fill a vacancy in that office. *Id.* § 1–3–240; § 23–11–40. As in *McConnell*, "the inescapable conclusion is that [a county sheriff] [is] dominated by the state." 829 F.2d at 1328."

*Gullege*, at 1332. The Fourth Circuit's analysis in *Cromer,* by reference to *Gullege*, included consideration of the facts Plaintiff urges this Court to consider anew here, including Article V, Section 24 of the South Carolina Constitution and the degree of control that the state exercises over sheriff's offices through various statutes. For these reasons, this Court concludes that the law in the Fourth Circuit is firmly established in *Cromer* that county sheriffs are immune from suit under the Eleventh Amendment when sued for money damages in their official capacities.

## V.  Conclusion

For the reasons set forth above, the CCSO Defendants' Motion for Partial Judgment on the Pleadings (Dkt. No. 115) is GRANTED as to Plaintiff's fourth, seventh, and ninth causes of actions, DENIED as to Plaintiff's eighth cause of action, and found MOOT as to Plaintiff's twelfth cause of action.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 8, 2018
Charleston, South Carolina